**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

*Attorneys for OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., and OpenAI Startup Fund Management, LLC in No. 3:24-cv-04710*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| DAVID MILLETTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE INC., and ALPHABET INC.,<br><br>Defendants. | CASE NO. 5:24-cv-04708-EJD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:  Hon. Edward John Davila |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED
CASE NO. 5:24-CV-04708-EJD

Pursuant to Civil Local Rules 3-12 and 7-11, OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., and OpenAI Startup Fund Management, LLC (together, "OpenAI") hereby file this Administrative Motion to consider whether *Millette v. Google LLC et al.*, No. 5:24-cv-04708-EJD (N.D. Cal.) is related to *Millette v. OpenAI, Inc. et al.*, No. 3:24-cv-04710-JD (N.D. Cal.) and *Millette v. Nvidia Corporation*, No. 5:24-cv-05157-NC (N.D. Cal.).

Civil Local Rule 3-12(a) provides that actions are related when "(1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Under that rule, *OpenAI*, *Google*, and *Nvidia* are all related. First, all three cases were brought by the same plaintiff—David Millette—on behalf of himself and an allegedly similarly situated class. *Google*, No. 5:24-cv-04708-EJD, Dkt. 1 ¶¶ 12, 28–29; *OpenAI*, No. 3:24-cv-04710-JD, Dkt. 1 ¶¶ 11, 30–31; *Nvidia*, No. 5:24-cv-05157-NC, Dkt. 1 ¶¶ 6, 23–24. Second, all three cases are about the same property—YouTube videos that allegedly belong to Mr. Millette and the class he seeks to represent. *Google*, No. 5:24-cv-04708-EJD, Dkt. 1 ¶ 6; *OpenAI*, No. 3:24-cv-04710-JD, Dkt. 1 ¶ 5; *Nvidia*, No. 5:24-cv-05157-NC, Dkt. 1 ¶ 22. Third, in each case, the alleged wrongdoing is the same—the alleged taking of Mr. Millette's and the class members' YouTube videos, via transcription or scraping, and the alleged use of that content to train generative AI models. *Google*, No. 5:24-cv-04708-EJD, Dkt. 1 ¶ 6; *OpenAI*, No. 3:24-cv-04710-JD, Dkt. 1 ¶ 5; *Nvidia*, No. 5:24-cv-05157-NC, Dkt. 1 ¶ 22. Fourth, the claims at issue in each case—and the theories on which they are based—are the same: one for unjust enrichment and one for unfair competition under California's Unfair Competition Law. *Google*, No. 5:24-cv-04708-EJD, Dkt. 1 ¶¶ 38–52; *OpenAI*, No. 3:24-cv-04710-JD, Dkt. 1 ¶¶ 40–54; *Nvidia*, No. 5:24-cv-05157-NC, Dkt. 1 ¶¶ 33–49. As such, the sufficiency of each of the three complaints turns on the same legal issue: whether these state-law claims are preempted by Section 301 of the Copyright Act. *See, e.g.*, *Doe 1 v. GitHub, Inc.*, No. 22-cv-06823, 2024 WL 235217, at *7–8 (N.D. Cal. Jan. 22, 2024) (dismissing UCL and unjust enrichment claims based on use of copyrighted works to train AI models as preempted by Section 301, and denying leave to amend);

*Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, 2024 WL 3640501, at *2 (N.D. Cal. July 30, 2024) (dismissing UCL claim based on use of copyrighted works to train AI model as preempted by Section 301, and denying leave to amend because the claim "lacks a tenable legal theory").

These overlaps confirm that the cases are related. *See, e.g.*, *Pepper v. Apple Inc.*, No. 11-cv-06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (relating cases where one party is common to all cases and each case "stem[med] from the use of the exact same technology and the economics regarding the same technology" even though "[the plaintiffs'] relationship to the defendant [] differs"). Allowing these cases to proceed before a single judge will conserve party and judicial resources given the overlapping parties, claims, and issues, particularly given that all three cases are currently in a "similar procedural posture" and "have yet to begin [] discovery." *Id.* at *2. Conversely, there would be an unduly burdensome duplication of labor and expense if discovery were handled by multiple judges across related matters. Additionally, because Mr. Millette is pursuing (a) the same claims based on (b) the same substantive conduct on behalf of (c) the same proposed class, allowing the cases to proceed before three different judges risks conflicting results. *See, e.g.*, *JaM Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020) (relating cases where they "[t]he cases involve the same parties and the same underlying legal claims," recognizing that, "although the underlying products, marks, and some portion of evidence differ, it appears likely that to avoid duplication of labor or conflicting results, the two matters should be related").

For the foregoing reasons, OpenAI respectfully requests that this Court deem *Google*, *OpenAI*, and *Nvidia* related.

| | | |
|---|---|---|
| 1 | Dated: August 23, 2024 | Respectfully Submitted, |
| 2 | | By: */s/ Andrew M. Gass* |

LATHAM & WATKINS LLP
  Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
  Joseph R. Wetzel (SBN 238008)
 *joseph.wetzel@lw.com*
  505 Montgomery Street, Suite 2000
  San Francisco, CA 94111
  Telephone: 415.391.0600

*Attorneys for OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., and OpenAI Startup Fund Management, LLC in No. 3:24-cv-04710*