WILLKIE FARR & GALLAGHER
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
MICHAEL ROME (SBN 272345)
  mrome@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
ALYXANDRA VERNON (SBN 327699)
  avernon@willkie.com
ANIKA HOLLAND (SBN 336071)
  aholland@willkie.com
ISABELLA MCKINLEY CORBO (SBN 346226)
  icorbo@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendants
**GOOGLE LLC and YOUTUBE, LLC**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE

| | |
|---|---|
| DAVID MILLETTE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>GOOGLE LLC and YOUTUBE INC.,<br><br>        Defendants. | Case No. 5:24-cv-04708-EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Date:    February 13, 2025<br>Time:    9:00 a.m.<br>Place:   Courtroom 4, 5th Fl. |

1

2

## NOTICE OF MOTION AND MOTION TO DISMISS

## CLASS ACTION COMPLAINT

3      PLEASE TAKE NOTICE that on February 13, 2025 at 9:00 a.m. or as soon thereafter as

4  this matter may be heard by the Honorable Edward J. Davila in Courtroom 4, 5th Floor, of the

5  above-entitled Court located at 280 S. First St., San Jose, CA 95113, pursuant to Federal Rule of

6  Civil Procedure 12(b)(6), Google LLC and YouTube, LLC ("Defendants") will, and hereby do,

7  move to dismiss the putative Class Action Complaint (Dkt. No. 1 ("Complaint")) of the Plaintiff,

8  David Millette ("Plaintiff"), individually and on behalf of all others similarly situated.  This Motion

9  is based on this Notice of Motion and Motion, supporting Memorandum of Points and Authorities,

10 and all pleadings, arguments, and matters before the Court.

11                     ## STATEMENT OF RELIEF SOUGHT

12      Defendants seek an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing

13 with prejudice Counts I and II of the Complaint for failure to state a claim upon which relief can be

14 granted.

15                          ## ISSUES TO BE DECIDED

16      The Motion presents the following issues to be decided:  (1) whether Counts I and II of the

17 Complaint, for unjust enrichment and violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, should

18 be dismissed as preempted by Section 301 of the Copyright Act; and (2) whether Counts I and II of

19 the Complaint should be dismissed for failure to state a claim.

20

21 Dated:  November 4, 2024                    By:  /s/ Benedict Hur
                                                   **WILLKIE FARR & GALLAGHER LLP**
22                                                 Benedict Hur
                                                   Simona Agnolucci
23                                                 Michael Rome
                                                   Eduardo Santacana
24                                                 Alyxandra Vernon
                                                   Anika Holland
25                                                 Isabella McKinley Corbo

26                                                 Attorneys for Defendants
                                                   GOOGLE LLC and YOUTUBE, LLC

27

28

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................1

LEGAL STANDARD ........................................................................................................2

BACKGROUND ...............................................................................................................2

ARGUMENT .....................................................................................................................4

    I.    Section 301 of the Copyright Act preempts Plaintiff's claims because they sound in copyright .......................................................................................................4

        A.    Plaintiff's UCL and unjust enrichment claims premised on videos are within the subject matter of the Copyright Act ......................................5

        B.    Plaintiff's claims assert equivalent rights to those protected under the Copyright Act ................................................................................................6

    II.    Plaintiff's UCL claim independently fails on the merits. ................................10

        A.    Plaintiff lacks statutory standing under the UCL because he fails to allege a cognizable economic injury ....................................................10

        B.    Plaintiff fails to state a claim under any of the UCL's three prongs ....11

    III.    Plaintiff's unjust enrichment or restitution claim fails because Plaintiff admits an express contract governs the relationship and fails to allege a viable quasi-contract claim ..............................................................................................14

    IV.    Plaintiff's state law claims should be dismissed with prejudice because leave to amend would be futile ..........................................................................................16

CONCLUSION .................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Chevron Corp.*,
656 F.3d 925 (9th Cir. 2011) ...................................................................12

*Andersen v. Stability AI Ltd.*,
700 F. Supp. 3d 853 (N.D. Cal. 2023) ...............................................8, 16

*Armstrong-Harris v. Wells Fargo Bank, N.A.*,
2022 WL 3348426 (N.D. Cal. Aug. 12, 2022) ........................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................2

*Bass v. Facebook, Inc.*,
394 F. Supp. 3d 1024 (N.D. Cal. 2019) ...................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................2

*Best Carpet Values, Inc. v. Google, LLC*,
90 F.4th 962 (9th Cir. 2024) ...................................................5, 7, 9, 10

*Brown v. Van's Int'l Foods, Inc.*,
2022 WL 1471454 (N.D. Cal. May 10, 2022) ...........................................2

*Bruton v. Gerber Prods. Co.*,
961 F. Supp. 2d 1062 (N.D. Cal. 2013), *reversed on other grounds*, 703 F. App'x
468 (9th Cir. 2017)...................................................................................14

*Cafasso v. Gen. Dynamics C4 Sys.*,
637 F.3d 1047 (9th Cir. 2011) .................................................................12

*Castellucci v. JPMorgan Chase Bank*,
2020 WL 4873869 (C.D. Cal. Aug. 10, 2020) *aff'd*, No. 20-55852, 2021 WL
4705508 (9th Cir. Oct. 8, 2021)................................................................16

*Cisneros v. Instant Cap. Funding Grp., Inc.*,
263 F.R.D. 595 (E.D. Cal. 2009) ..............................................................13

*Del Madera Props. v. Rhodes & Gardner, Inc.*,
820 F.2d 973 (9th Cir. 1987) .....................................................................9

*Diep v. Apple, Inc.*,
2024 WL 1299995 (9th Cir. Mar. 27, 2024)..............................................13

ii

*Doe 1 v. GitHub, Inc.*,
   2024 WL 235217 (N.D. Cal. Jan. 22, 2024) (*GitHub II*)......................................................8, 16

*Doe 1 v. GitHub, Inc.*,
   672 F. Supp. 3d 837 (N.D. Cal. 2023) (*GitHub I*) .............................................................16

*Doe I v. Google LLC*,
   2024 WL 3490744 (N.D. Cal. July 22, 2024)....................................................................11

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) .........................................................................................13

*Eidmann v. Walgreen Co.*,
   522 F. Supp. 3d 634 (N.D. Cal. 2021) (Davila, J.) ...........................................................13

*Entous v. Viacom Int'l Inc.*,
   151 F. Supp. 2d 1150 (C.D. Cal. 2001) ...............................................................................5

*ESG Cap. Partners, LP v. Stratos*,
   828 F.3d 1023 (9th Cir. 2016) ..........................................................................................15

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*,
   784 F. Supp. 2d 441 (S.D.N.Y. 2011)..................................................................................8

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
   402 F. Supp. 3d 767 (N.D. Cal. 2019) ..............................................................................11

*Firoozye v. Earthlink Network*,
   153 F. Supp. 2d 1115 (N.D. Cal. 2001) ...........................................................................7, 9

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ............................................................................13

*Hart v. TWC Prod. & Tech. LLC*,
   526 F. Supp. 3d 592 (N.D. Cal. 2021) ..............................................................................10

*Hazel v. Prudential Fin., Inc.*,
   2023 WL 3933073 (N.D. Cal. June 9, 2023) .....................................................................11

*Ingels v. Westwood One Broadcasting Services, Inc.*,
   129 Cal. App. 4th 1050 (2005) .........................................................................................12

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*,
   617 F.3d 1146 (9th Cir. 2010) ............................................................................................5

*Kadrey v. Meta Platforms, Inc.*,
   2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ...............................................................8, 16

*Katz-Lacabe v. Oracle Am., Inc.*,
   668 F. Supp. 3d 928 (N.D. Cal. 2023) ..............................................................................11

*Kenery v. Wells Fargo, N.A.*,
   2014 WL 129262 (N.D. Cal. Jan. 14, 2014) (Davila, J.) ........................................................12

*Kunycia v. Melville Realty Co., Inc.*,
   755 F. Supp. 566 (S.D.N.Y. 1990) ...........................................................................................8

*Kwikset Corp. v. Super. Ct. of Orange Cnty.*,
   51 Cal. 4th 310 (2011) ...........................................................................................10, 13, 14

*Laws v. Sony Music Ent., Inc.*,
   448 F.3d 1134 (9th Cir. 2006) ...........................................................................................4, 9

*Lieb v. Korangy Publ'g Inc.*,
   2022 WL 1124850 (E.D.N.Y. Apr. 14, 2022) ...........................................................................8

*Maloney v. T3Media, Inc.*,
   853 F.3d 1004 (9th Cir. 2017) ...........................................................................................4

*Media.net Advertising FZ-LLC v. NetSeer, Inc.*,
   156 F. Supp. 3d 1052 (N.D. Cal. 2016) ...........................................................................7, 9

*Montz v. Pilgrim Films & Tel., Inc.*,
   649 F.3d 975 (9th Cir. 2011) ...........................................................................................5

*Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n.*,
   205 Cal. App. 3d 1415 (1988) ...........................................................................................15

*Novak v. United States*,
   795 F.3d 1012 (9th Cir. 2015) ...........................................................................................16

*Olson v. World Fin. Grp. Ins. Agency, LLC*,
   2024 WL 3498572 (N.D. Cal. July 19, 2024) (Davila, J.) ...........................................................10

*Piuggi v. Good for You Prods. LLC*,
   2024 WL 3274638 (S.D.N.Y. July 2, 2024) ...........................................................................9

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
   2021 WL 4133869 (N.D. Cal. Sept. 10, 2021) ...........................................................................15

*Rentmeester v. Nike, Inc.*,
   883 F.3d 1111 (9th Cir. 2018) ...........................................................................................9

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ...........................................................................1, 14, 15

*Russell v. Walmart, Inc.*,
   680 F. Supp. 3d 1130 (N.D. Cal. 2023) ...........................................................................15

*Saroya v. Univ. of the Pac.*,
   503 F. Supp. 3d 986 (N.D. Cal. 2020) (Davila, J.) ...........................................................................15

*Selby v. New Line Cinema Corp.*,
   96 F. Supp. 2d 1053 (C.D. Cal. 2000) ................................................................5

*Shum v. Intel Corp.*,
   2008 WL 4414722 (N.D. Cal. Sept. 26, 2008) ....................................................14

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) .......................................................................................13

*Trans Bay Cable LLC v. M/V Ocean Life*,
   2015 WL 7075618 (N.D. Cal. Nov. 13, 2015) ....................................................5

*Tremblay v. Open AI, Inc.* (*Tremblay I*)
   716 F. Supp. 3d 772 (N.D. Cal. 2024) ........................................................15, 16

*Tremblay v. OpenAI, Inc.*, (*Tremblay II*)
   2024 WL 3640501 (N.D. Cal. July 30, 2024) ...............................................8, 16

*U.S. ex rel. Berge v. Bd. of Trs. of Univ. of Ala.*,
   104 F.3d 1453 (4th Cir. 1997) .............................................................................5

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ...........................................................................12

*Watkins v. MGA Ent., Inc.*,
   550 F. Supp. 3d 815 (N.D. Cal. 2021) ...............................................................14

*Wilson v. Frito-Lay N. Am., Inc.*,
   2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ......................................................11

*Yu v. ByteDance Inc.*,
   2023 WL 5671932 (N.D. Cal. Sept. 1, 2023) .......................................................5

**Statutes**

17 U.S.C. §§ 102 and 103 .....................................................................................4, 5

17 U.S.C. § 106 ...........................................................................................4, 6, 7, 8

17 U.S.C. § 301(a) ................................................................................................4, 5

17 U.S.C. § 504(a)(1) ...........................................................................................7, 10

California Unfair Competition Law (UCL) ........................................................ *passim*

Copyright Act of 1976 ......................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................11, 12

Fed. R. Civ. P. 15(a)(2) ................................................................................................16

H.R. Rep. No. 94-1476 (1976) ......................................................................................4

NOTICE OF MOTION AND MOTION TO DISMISS
Case No.  5:24-cv-04708-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

David Millette ("Plaintiff") is a YouTube video creator who uploaded videos to YouTube, set them to public for the world to see and learn from, and "retained ownership rights" (Compl. ¶ 6) in his videos. He claims Defendants violated his rights by "copying" and "extracting expressive information" taken from his videos (*id.* ¶ 2) to train and develop their products and services, and that Defendants did so without proper "[]attribut[ion]" (*id.* ¶ 51) or "compensation" ( *id.* ¶ 20). Though styled as claims under California law, this is a classic copyright claim, and it is preempted.

According to Plaintiff, the primary common question the Court must ultimately resolve in this proposed class action is "[w]hether Defendants ***violated the copyrights*** of Plaintiff and the Class when they transcribed Plaintiff's videos and used those transcriptions as part of their AI software's training datasets." Compl. ¶ 33(a) (emphasis added). But Plaintiff pointedly does not assert a claim for copyright infringement, with its attendant challenges, burdens of proof, and standards for damages. Instead, he avoids the Copyright Act altogether by asserting California state law claims for violation of California's Unfair Competition Law ("UCL") and unjust enrichment. Well-settled law precludes this gambit. Since Plaintiff's state law claims are expressly predicated on the allegedly improper use of copyrighted material, the Copyright Act preempts them. And even if the claims were not preempted, dismissal would be required in any event because Plaintiff has failed to allege facts sufficient to state either claim.

<u>First</u>, the Copyright Act preempts Plaintiff's state law claims for violation of the UCL and unjust enrichment, each of which is premised on allegations that Defendants used Plaintiff's uploaded YouTube videos to train and improve Artificial Intelligence ("AI") models and products. Plaintiff's allegations demonstrate these are thinly disguised copyright claims: he alleges YouTube "copied and transcribed" his videos and developed "commercial product[s]"—the AI models— "based on unattributed reproductions" of his "stolen videos and ideas." *Id.* ¶¶ 20, 51. Since the gravamen of these allegations is copyright infringement, the Copyright Act preempts Plaintiff's state law claims. Indeed, courts in this District that have considered similar claims—all predicated on the defendant's alleged improper use of authored material for AI training—have uniformly found

the claims preempted under the Copyright Act.  *Infra* 4-10 (collecting cases).  This Court should do the same.

Second, even if the UCL and unjust enrichment claims are not preempted, they suffer from a host of pleading deficiencies that independently require dismissal.  Plaintiff fails to state a UCL claim as a matter of law because he does not allege an "economic injury" sufficient to support UCL standing and fails to plead an "unlawful, fraudulent, or unfair" business practice.  He also fails to plead actual reliance on any representation or omission, an independently fatal flaw under California law.  Similarly, the unjust enrichment claim fails because there is an enforceable contract defining the Parties' rights—YouTube's Terms of Service—and because there are no allegations that Defendants obtained a benefit from Plaintiff by fraud, duress, conversion, or similar conduct.

Last, dismissal with prejudice is appropriate here because amendment would be futile.  Plaintiff recycles claims that multiple courts in this District have roundly rejected.  Accordingly, this Court should dismiss Plaintiff's UCL and unjust enrichment claims with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "[A] formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Where a claim's defect "lies in the legal theory, not the factual allegations," dismissal with prejudice is warranted.  *Brown v. Van's Int'l Foods, Inc.*, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022).

## BACKGROUND[1]

Plaintiff created a YouTube account in or around 2009.  Compl. ¶ 12.  He allegedly used this account to upload "video content" to YouTube.  *Id.*  He allegedly "retained ownership" of the content in his videos.  Plaintiff alleges that his videos and the proposed class's videos have been transcribed by Defendants and used to train AI software, specifically multimodal large language models ("MLLMs") and large language models ("LLMs") (collectively "Language Models").  *Id.*

---

[1] Defendants assume the truth of the Complaint for purposes of this motion only.

¶¶ 13, 19, 27, 28.  According to Plaintiff, video transcriptions are a "key ingredient in training datasets for multimodal large language models and large language models." *Id.* ¶ 22; *see also* ¶ 27 ("[V]ideo transcriptions are one of the largest corpora of natural language data available for training and fine-tuning Google's Language Models.").

Plaintiff claims that these video transcriptions expanded Defendants' AI training datasets and improved the Language Models, making the models "more valuable to prospective and current users, who purchase subscriptions to access them." *Id.* ¶ 42.  He alleges that "[b]y transcribing and using these videos in this way, Defendants profit from Plaintiff's and class members' data time and time again." *Id.* ¶ 7.

Defendants allegedly "copied and transcribed" Plaintiff's YouTube videos without giving him "credit, and without compensation." *Id.* ¶ 20.  Thus, he claims Defendants "unfairly profit from, and take credit for" developing the Language Models "based on unattributed reproductions of [] stolen videos and ideas." *Id.* ¶ 51.  Plaintiff alleges this violates California's Unfair Competition Law ("UCL") (*id.* ¶¶ 48–52) and constitutes unjust enrichment or restitution (*id.* ¶¶ 38–47).

As for the class allegations, Plaintiff seeks to represent two classes:  (1) a nationwide class consisting of "all persons or entities domiciled in the United States that uploaded any YouTube video that was transcribed and then used as training data for the Google Language Models without their consent," *Id.* ¶ 28, and (2) a California class consisting of "all persons or entities domiciled in California that uploaded any YouTube video that was transcribed and then used as training data for the Google Language Models without their consent." *Id.* ¶ 29.  The two leading "common legal and factual questions" to be resolved, according to Plaintiff, are:  (1) "[w]hether Defendants ***violated the copyrights of Plaintiff*** and the Class when they transcribed Plaintiff's videos and used those transcriptions as part of their AI software's training datasets;" and (2) "[w]hether Gemini itself ***is an infringing derivative work based on Plaintiff's videos***." *Id.* ¶ 33(a)–(b) (emphasis added).

Plaintiff admits that the "entire time" he has had a YouTube account, YouTube's Terms of Service have governed his "rights to the video content he has uploaded to YouTube" (*Id.* ¶ 12) and granted him "ownership rights in [his] uploaded videos." *Id.* ¶ 6.

1

## ARGUMENT

2

I.    **Section 301 of the Copyright Act preempts Plaintiff's claims because they sound in copyright.**

3

4

The Copyright Act preempts Plaintiff's claims because (1) they are predicated on allegations that come within the subject matter of the Copyright Act and (2) they invoke rights equivalent to those that are exclusively protected by federal law.  Courts in this district have uniformly rejected efforts to evade copyright preemption in similar AI-training cases disguising copyright claims as claims for violation of the UCL and unjust enrichment.  This Court should do the same.

5

6

7

8

9

When Congress passed the Copyright Act of 1976, it provided for a uniform scheme governing the protection and (when necessary) the litigation of author's rights to their original works.  *See Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006).  The Copyright Act expressly preempts state law claims where the plaintiff's work "come[s] within the subject matter of copyright" and state law grants "legal or equitable rights that are equivalent to any of the exclusive rights within the scope of copyright."   17 U.S.C. § 301(a).   Congress has further "explained what the statute made obvious: '[t]he intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright law.'"  *Laws*, 448 F.3d at 1137 (quoting H.R. Rep. No. 94-1476 at 130 (1976)).

10

11

12

13

14

15

16

17

18

19

Against this backdrop, Courts employ a two-part test to determine whether state law claims are preempted:  (1) "[the court must] decide 'whether the "subject matter" of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103,'" *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (quoting *Laws*, 448 F.3d at 1137), and (2) if it does, "whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, **which articulates the exclusive rights of copyright holders**," *id.* (quoting *Laws*, 448 F.3d at 1138) (emphasis added).  As demonstrated below, this test shows that both of Plaintiff's claims are preempted by Section 301 of the Copyright Act.

20

21

22

23

24

25

26

27

28

4

### A.  Plaintiff's UCL and unjust enrichment claims premised on videos are within the subject matter of the Copyright Act.

Step 1 of the analysis is easily satisfied because "online videos fall within the subject matter of the Copyright Act as 'other audiovisual works' under 17 U.S.C. § 102(a)(6)."  *Yu v. ByteDance Inc.*, 2023 WL 5671932, at *6 (N.D. Cal. Sept. 1, 2023).  Sections 102 and 103 of the Copyright Act identify the works of authorship that constitute the "subject matter" of copyright.  Videos—like the ones Plaintiff bases his claims on (¶ 42 (Count I), ¶¶ 49, 51 (Count II))—are "audiovisual works" under Section 102(a)(6) and therefore "within the subject matter of copyright" of the Act.[2]   17 U.S.C. § 301(a); *see also Yu*, 2023 WL 5671932, at *6 ; *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1153 (9th Cir. 2010) (holding that a right of publicity claim related to videos was completely preempted).

While Plaintiff largely premises his claims on Defendants' use of YouTube videos, *e.g.*, Compl. ¶¶ 4–8, one paragraph implies (without any supporting factual allegations) that Defendants also benefit from "stolen . . . ideas."  *Id.* ¶ 51.  Even if this Court credited this conclusory allegation, which it should not, *see Trans Bay Cable LLC v. M/V Ocean Life*, 2015 WL 7075618, at *4 (N.D. Cal. Nov. 13, 2015), "ideas" still fall within the "subject matter of copyright" for preemption purposes, even if not protectible.  *Entous v. Viacom Int'l Inc.*, 151 F. Supp. 2d 1150, 1159 (C.D. Cal. 2001); *Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1058 (C.D. Cal. 2000) ("'[I]deas embodied in a work covered by the [Act]' are nevertheless within the subject matter of copyright purposes of preemption because '[s]cope and protection are not synonymous.'") (second alteration in original) (quoting *U.S. ex rel. Berge v. Bd. of Trs. of Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997)).

---

[2] Plaintiff's (barely disguised) copyright claims also lack merit. But that question is not now before the Court.  *See Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 972 (9th Cir. 2024) ("[O]ur preemption analysis focuses on whether Plaintiffs' Complaint invokes the subject matter of federal copyright law . . . rather than whether [Google] infringe[s] on Plaintiffs' copyrightable websites.") (quoting *Montz v. Pilgrim Films & Tel., Inc.*, 649 F.3d 975, 979 (9th Cir. 2011)).

1    Accordingly, the subject matter of Plaintiff's UCL and unjust enrichment or restitution

2    claims is within the Copyright Act and this Court should proceed to the second factor.[3]

3        **B.  Plaintiff's claims assert equivalent rights to those protected under the
         Copyright Act.**

4

5        Step 2 is satisfied as well.  Plaintiff alleges Defendants violated the UCL and were unjustly

6    enriched by using transcripts of Plaintiff's videos to train the Language Models.  Compl. ¶ 49

7    (UCL); ¶¶ 42, 44 (unjust enrichment); *see also* ¶ 2 (alleging that like LLMs, MLLMs are trained by

8    "copying massive amounts of text alongside images and videos, and extracting expressive

9    information from it").  These allegations are within the general scope of copyright as specified in

10   17 U.S.C. § 106(1)–(6), which provide copyright owners with the exclusive rights of reproduction,

11   preparation of derivative works, distribution, and display.  Indeed, as the chart below reflects, the

12   allegations supporting Plaintiff's claims map directly onto these rights:

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ---

28   [3] Removing any doubt this case is about copyright and, as reflected in the background portion of
     this motion, the Complaint alleges the two lead issues common to the entire class are whether
     Defendants infringed their copyrights in works uploaded to YouTube.  Compl. ¶ 33(a)–(b).

| | Allegations in Complaint | Equivalent Right | Case Example |
|---|---|---|---|
| **UCL** | By using transcripts of Plaintiff's YouTube videos to train the Language Models, Google "unfairly profit[s] from, and take[s] credit for, developing a commercial product based on unattributed reproductions of those stolen videos and ideas." Compl. ¶ 51. | 17 U.S.C. § 106(1), (3) (owner of a copyright has the exclusive right to reproduce and distribute copies of the copyrighted work) | UCL claim premised on defendants' "unauthorized copying and use of [Plaintiff's] material for the purpose of competing" was preempted by the Copyright Act. *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074–75 (N.D. Cal. 2016). |
| **Unjust Enrichment** | Google was "unjustly enriched [by] retaining the revenues derived from the sales of their" AI products after using Plaintiff's YouTube transcripts to train its Language Models without Plaintiff's "meaningful consent." Compl. ¶ 44. | 17 U.S.C. § 106(1), (3) (owner of a copyright has the exclusive right to reproduce and distribute copies of the copyrighted work) | "[P]laintiff's unjust enrichment claim, which at its core alleges that the defendants unfairly benefited from their unauthorized use of [computer software program] is equivalent to the rights protected in section 106 of the Copyright Act and is therefore preempted." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001). |
| **Damages** | Plaintiff seeks "non-restitutionary disgorgement of the financial profits that Defendants obtained as a result of their unjust conduct, [*i.e.*, their unauthorized use of transcripts to train AI models.]" Compl. ¶ 47; *see also id.* ¶¶ 8, 25, 46, 51 (alleging Defendants "unfairly profited" from unauthorized use). | 17 U.S.C. § 504(a)(1) (copyright infringer may be liable for "the copyright owner's actual damages and any additional profits of the infringer") | *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 974 (9th Cir. 2024) (explaining that the state law claims were preempted because the alleged financial benefit to Google mapped neatly onto the damages requirement for any successful copyright claim). |

The law is no different in the context of AI and large language models. Rather, courts within this District have consistently found nearly identical claims preempted where, as here, the allegations are that defendants unjustly benefited from such use and/or that such use constitutes unfair competition. For example, in *Kadrey v. Meta Platforms, Inc.*, Judge Chhabria dismissed the plaintiff's UCL and unjust enrichment claims as preempted under the Copyright Act. 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023). Similar to the allegations in this case, the plaintiff there alleged that Meta's "unauthorized copying" of the plaintiff's books for purposes of training a language model was unfair and unjust. *Id.* at *1. But because these claims "relie[d] on the same rights contained in the Copyright Act," they were preempted. *Id.* at *2. Other cases are of a piece. *Tremblay v. OpenAI, Inc.*, 2024 WL 3640501, at *2 (N.D. Cal. July 30, 2024) (*Tremblay II*) (dismissing as preempted UCL claim premised on defendants' "unfair business practice" of "using Plaintiff's Infringed Works to train ChatGPT without permission"); *Doe 1 v. GitHub, Inc.*, 2024 WL 235217, at *7–8 (N.D. Cal. Jan. 22, 2024) (*GitHub II*) (dismissing as preempted UCL and unjust enrichment claims premised on defendants' "unauthorized reproduction of [plaintiffs'] code to prepare derivative [AI models]"); *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 875–76 (N.D. Cal. 2023) (dismissing as preempted UCL claim premised on defendants' use of plaintiffs' works to train and develop AI models).

These cases make sense under established federal precedent. Specifically, it's clear that Plaintiff's right to control transcriptions of his videos is equivalent to copyright's derivative-work right. *See Lieb v. Korangy Publ'g Inc.*, 2022 WL 1124850, at *13 (E.D.N.Y. Apr. 14, 2022) ("verbatim transcription" of one article into another is "in copyright terms, a derivative work"); *see also Kunycia v. Melville Realty Co., Inc.*, 755 F. Supp. 566, 577 (S.D.N.Y. 1990) ("Because Kunycia's claim of unjust enrichment is that Melville reproduced and used his copyrighted work to prepare derivative works . . . the claim is preempted[.]"). And the right to control creation of copies of work is squarely, and exclusively, governed by copyright's reproduction right. 17 U.S.C. § 106(1); *see also Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011) ("In order to avoid preemption, that which is claimed to be unfair competition must be something different from copying, or the fruits of copying, or the intent or bad faith that can be inferred from

the act of copying.").  The same is true of the right to control the extraction of "expressive" information.  *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1122 (9th Cir. 2018).

To survive preemption, a state law claim must protect rights which are "qualitatively different from copyright rights," and have an "extra element which changes the nature of the action." *Best Carpet Values*, 90 F.4th at 972 (quoting *Laws*, 448 F.3d at 1143).  But Plaintiff has not pleaded any "extra elements" that would be "required" to distinguish his unjust enrichment and UCL claims from a claim for copyright infringement.  Failure to plead such extra elements is dispositive of this prong of the preemption test.

For example, in *Best Carpet Values*, the Ninth Circuit found the plaintiff's unjust enrichment claim, premised on allegations that the Google Search App "copied" and "recreated" website pages, was preempted under the Copyright Act.  *Id.* at 973 (9th Cir. 2024) (considering questions certified by this Court).  Rather than containing any "extra elements," plaintiff's unjust enrichment claim was "strikingly similar" to claims of "distorting, overlaying, or otherwise editing original images . . . which [has been] found to qualify as derivative work."  *Id.*  Likewise, in *Del Madera Props. v. Rhodes & Gardner, Inc.*, the Ninth Circuit found the plaintiff's UCL claim preempted because it did "not add any 'extra element' [that] change[d] the nature of the action."  820 F.2d 973, 977 (9th Cir. 1987).  The plaintiff's unfair competition claim instead was premised on allegations that the defendants wrongly shared documents that belonged to plaintiff, which was "part and parcel of the copyright claim."  *Id.*

So too here, Plaintiff's claim is that Defendants wrongly transcribed and then used his videos without authorization or compensation (Compl. ¶¶ 42, 44, 51–52)—a quintessential copyright claim.  *E.g.*, *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074–75 (N.D. Cal. 2016) (UCL claim premised on defendants' "unauthorized copying and use of Media.net's Results Pages' material for the purpose of competing" was preempted by Copyright Act); *Firoozye*, 153 F. Supp. 2d at 1128 (unjust enrichment claim premised on allegations that "the defendants unfairly benefitted from their unauthorized use of WebStash" was preempted because it was equivalent to rights protected by Copyright Act); *Piuggi v. Good for You Prods. LLC*, 2024 WL

3274638, at *15-16 (S.D.N.Y. July 2, 2024) (unjust enrichment claim preempted where gravamen of claim was that defendant was unjustly enriched at plaintiff's expense by its unauthorized copying).

Finally, the alleged financial benefit to Google maps neatly onto the damages requirement for any successful copyright claim. *See* 17 U.S.C. § 504(a)(1) (holding that a copyright infringer may be liable for "the copyright owner's actual damages and any additional profits of the infringer"). Section 504(a)(1) outlines the exact relief Plaintiff seeks—compensation based on the "commercial profit" Defendants gained from using Plaintiff's videos without authorization. *E.g.*, ¶¶ 7, 8, 25, 44 (unjust enrichment claim), 51 (UCL claim). The near-perfect mapping demonstrates there is no "extra element," and that Plaintiff's claims are preempted. *See Best Carpet Values*, 90 F.4th at 974.

## II. Plaintiff's UCL claim independently fails on the merits.

### A. Plaintiff lacks statutory standing under the UCL because he fails to allege a cognizable economic injury.

Putting aside that Plaintiff's claims are preempted for the reasons just discussed, Plaintiff also lacks standing to pursue his California UCL claim. UCL standing is restricted to persons who can show (1) "a loss or deprivation of money or property sufficient to qualify as an injury in fact, *i.e.*, economic injury, and (2) show that the economic injury was the result of, *i.e.*, caused by, the unfair business practice . . . that is the gravamen of the claims." *Olson v. World Fin. Grp. Ins. Agency, LLC*, 2024 WL 3498572, at *6 (N.D. Cal. July 19, 2024) (Davila, J.) (quoting *Kwikset Corp. v. Super. Ct. of Orange Cnty.*, 51 Cal. 4th 310, 322 (2011)).

The Complaint does not come close to making this showing. Rather, it alleges only that Defendants "unfairly profit[ed]" from using Plaintiff's videos to develop Gemini, "a commercial product," "without the authorization of Plaintiff." ¶¶ 49–52. That is not enough to show "economic injury" within the meaning of the UCL. For one thing, Plaintiff "does not contend that [Defendants'] alleged actions caused him to lose any money." *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 603 (N.D. Cal. 2021) (dismissing UCL claim for lack of statutory standing where the plaintiff alleged that the defendant profited from location data it collected, but failed to allege any actual economic harm to himself from the collection). Nor is it sufficient to allege that a defendant has

obtained data that itself has economic value where the plaintiff did not actually lose any money. *See, e.g., Hazel v. Prudential Fin., Inc.*, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) (that a plaintiff's "data is valuable in the abstract," and a defendant "might have made money from it, does not mean that [a plaintiff has] 'lost money or property' as a result."); *Doe I v. Google LLC*, 2024 WL 3490744, at *7 (N.D. Cal. July 22, 2024) ("loss of personal data is [] not sufficient to demonstrate an economic injury" for purposes of UCL standing); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 943 (N.D. Cal. 2023) (collecting cases and concluding "the weight of the authority in the district and the state" finds disclosure of personal information insufficient for UCL standing); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 804 (N.D. Cal. 2019) ("Facebook may have gained money through its sharing or use of the plaintiffs' information, but that's different from saying the plaintiffs lost money.").  And to the extent Plaintiff's argument is that he's lost "property" in the form of control over his copyrighted material, that runs headlong into preemption.

Ultimately, Plaintiff's claim must be dismissed for lack of standing because he "has not shown how this information has economic value *to him*.  That the information has external value, but no economic value to plaintiff, cannot serve to establish that plaintiff has personally lost money or property." *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019).

**B.  Plaintiff fails to state a claim under any of the UCL's three prongs.**

Even if this Court finds that Plaintiff sufficiently pleaded an economic injury to support UCL standing, Plaintiff's UCL claim still fails because he does not allege that Defendants committed a "business act or practice" that is "either unlawful, unfair, or fraudulent." *Armstrong-Harris v. Wells Fargo Bank, N.A.*, 2022 WL 3348426, at *2 (N.D. Cal. Aug. 12, 2022) (cleaned up).  Because each captures a "separate and distinct theory of liability," *id.*, Defendants address each in turn.

**Fraudulent Prong.**  To state a UCL claim based on a "fraudulent business practice," a plaintiff must satisfy the heightened pleading requirement of Rule 9(b).  *Wilson v. Frito-Lay N. Am., Inc.*, 2013 WL 1320468, at *5 (N.D. Cal. Apr. 1, 2013).  At a minimum, a plaintiff must identify a "purportedly fraudulent [] statement" and explain "what is false or misleading about [it]." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011).  Plaintiff entirely fails to meet this

1   bar—rather, he makes vague references to "deceptive marketing" and "secret training" (¶ 52)

2   without ever alleging *how* consumers were deceived or *what* deceptive statements were made by

3   Google.  In fact, the first time the term "deception" appears is in the last paragraph of the Complaint

4   with no details provided as to how that deception occurred.  ¶ 52.  This fails Rule 9's heightened

5   pleading requirements.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

6   (averments of fraud must set forth the "who, what, when, where, and how" of the misconduct

7   charged); *Tremblay I*, 2024 WL 557720, at *6 (dismissing an identical claim on the same grounds).

8       **Unlawful Prong.**  Plaintiff alleges only one cursory sentence as to this prong:  "The

9   unlawful business practices described herein violate the UCL because consumers are likely to be

10  deceived."  ¶ 52.  But likelihood of deception is not the standard for an "unlawful" prong claim.

11  Such a claim may only lie if the plaintiff alleges a violation of a "predicate" law other than the UCL.

12  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011) (the unlawful prong "borrows

13  violations of *other laws* and treats them as unlawful practices that the unfair competition law makes

14  independently actionable") (emphasis added).  Since Plaintiff does not allege a predicate violation

15  of any "other law" in the Complaint, he fails to state a claim under the unlawful prong.  *Kenery v.

16  Wells Fargo, N.A.*, 2014 WL 129262, at *5 (N.D. Cal. Jan. 14, 2014) ("A defendant cannot be liable

17  under § 17200 for committing 'unlawful business practices' without having violated another law.")

18  (Davila, J.) (citing *Ingels v. Westwood One Broadcasting Services, Inc*., 129 Cal. App. 4th 1050,

19  1060 (2005)).

20      **Unfair Prong.**  Plaintiff's "unfairness" allegations suffer similar flaws.  Plaintiff alleges two

21  sentences in support of this theory: "The unfair business practices described herein violate the UCL

22  because they are unfair, immoral, unethical, oppressive, unscrupulous, or injurious . . .  and because

23  Defendants used Plaintiff's videos to train their Language Models . . . [.]  Defendants unfairly profit

24  from, and take credit for, developing a commercial product based on unattributed reproductions of

25  those stolen videos and ideas."  ¶ 51.

26      The first sentence does no more than parrot the legal standard for unfair business practices,

27  which is plainly insufficient to state a plausible claim for relief.  *E.g.*, *Cisneros v. Instant Cap.

28  Funding Grp., Inc.*, 263 F.R.D. 595, 603 (E.D. Cal. 2009) (noting that courts are "free to ignore

legal conclusions . . . cast in the form of factual allegations"). Further, Plaintiff's theory of unfairness entirely overlaps with the business practices alleged in the fraudulent and unlawful prongs, which requires dismissal. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017) (finding allegations for unfair prong insufficient because they were based on the same contentions supporting plaintiff's unlawful and fraudulent allegations); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (Davila, J.) (same).

For example, Plaintiff's support for "unfair business practices" is that Defendants realized an unfair derivation of profit from their use of Plaintiff's videos without "authorization" or "credit." ¶ 51. This same allegation supports Plaintiff's allegations that Defendants engaged in unlawful and fraudulent business practices. ¶ 52 (premising fraudulent and unlawful business practices on "practices described herein" and on "use" of videos to train the Language Models). Since these allegations overlap entirely with the fatally flawed fraud claim, they cannot support an unfairness claim.

**Plaintiff's claims also fail under all three prongs because he does not plead reliance.** Finally, Plaintiff's failure to plead reliance dooms his UCL claim regardless of which prong he asserts. The California Supreme Court has held that the phrase "as a result of" in section 17204 of the Business and Professions Code "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009); *see also Diep v. Apple, Inc.*, 2024 WL 1299995, at *2 (9th Cir. Mar. 27, 2024) (to state a claim under the UCL, "[a] plaintiff must also plead reliance upon the defendant's statement[.]").

*Tobacco II*'s holding has been extended to both the "unlawful" and "unfair" prongs where the underlying alleged misconduct is premised on purported fraud or misrepresentation. *See, e.g.*, *Kwikset Corp.*, 51 Cal. 4th at 326 n.9 (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010)) ("[T]he reasoning of *Tobacco II* [concerning the actual reliance requirement] applies equally to the 'unlawful' prong of the UCL when, as here, the predicate unlawfulness is misrepresentation and deception."); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 834–35 (N.D. Cal. 2021) ("The reliance requirement applies not only to UCL claims asserted under the fraud

prong of section 17200 but also to claims asserted under the 'unlawful' and 'unfair' prongs where those claims are predicated on misrepresentation and deception.").

Here, to the extent Plaintiff's UCL claim can be discerned into the three prongs at all, each sounds in fraud.  The "nature of the alleged wrongdoing," if any, is Google's purported failure to disclose it would use Plaintiff's videos to train large language models, *i.e.*, that Defendants omitted material information.   Compl. ¶¶ 6, 8, 20, 25, 51 (UCL claim premised on allegations that Defendants used Plaintiff's videos without his consent or authorization).  Such a claim sounds in fraud or misrepresentation.  Yet Plaintiff never alleges reliance.  In fact, he does not even allege that he read the Terms of Service or any particular disclosure.  *Id.* ¶ 6.  He likewise does not allege that he would have acted differently had he received different disclosures.  This independently requires dismissal of his UCL claim.  *See Kwikset*, 51 Cal. 4th at 327 (stating that a UCL claim is properly dismissed where the plaintiff fails to allege any reliance on the representations at issue); *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1091 (N.D. Cal. 2013) (dismissing plaintiff's UCL claim where plaintiff failed to allege that "she ever actually viewed any of the alleged misrepresentations"), *reversed on other grounds*, 703 F. App'x 468 (9th Cir. 2017).

## III.  Plaintiff's unjust enrichment or restitution claim fails because Plaintiff admits an express contract governs the relationship and fails to allege a viable quasi-contract claim.

Plaintiff's purported claim for unjust enrichment or restitution fails for several independent reasons.  *First*, this claim fails on its face because Plaintiff admits there is a binding agreement governing his relationship with Defendants and this dispute: the YouTube Terms of Service.  "As a matter of law . . . unjust enrichment does not lie where an express binding agreement exists and defines the parties' rights."  *Shum v. Intel Corp.*, 2008 WL 4414722, at *6 (N.D. Cal. Sept. 26, 2008).  Black-letter law precludes an unjust enrichment claim here because Plaintiff is explicit that his videos were "uploaded to YouTube, per YouTube's Terms of Service" and his claims are expressly based on "ownership rights" he claims to have "retained . . . per YouTube's Terms of Service."  Compl. ¶ 12; *accord id.* ¶¶ 6, 24, 25 (same).  Thus, Plaintiff's unjust enrichment claim fails as a matter of law and should be dismissed with prejudice.

But even if this Court finds there is no express contract governing the Parties, Plaintiff's unjust enrichment claim still fails.  There is no standalone unjust enrichment claim under California law.  *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020) (Davila, J.).  When a plaintiff alleges an unjust enrichment claim, courts may construe it as a "quasi contract" claim seeking restitution.  *Id.*  But to plead this claim, Plaintiff must allege that (1) Defendants "received and unjustly retained a benefit at plaintiff's expense," *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); and (2) Defendants did so as a result of qualifying conduct like "mistake, fraud, coercion, or request," *Saroya*, 503 F. Supp. 3d at 998.  He fails to do so.

Plaintiff alleges Defendants acquired "valuable information from Plaintiff and Class members' videos to expand their AI software's training datasets and used that information to develop and improve their products."  ¶ 42.  As a result, Defendants allegedly were "unjustly enriched."  ¶ 44.  Missing from these allegations is any claim that Plaintiff uploaded the videos as a result of "mistake, fraud, coercion, or request."  At most, Plaintiff alleges that by "transcribing and using these videos in this way" and profiting from "Plaintiff's and class members' data time and time again," *see* Compl. ¶ 7, Defendants "realized a gain at another's expense." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023) (quotation and citation omitted).  But that is "insufficient" to support an unjust enrichment claim. *Id.*  Rather, "[u]nder California law, "[i]t must ordinarily appear that the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust.'" *Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, 2021 WL 4133869, at *10 (N.D. Cal. Sept. 10, 2021) (quoting *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n.*, 205 Cal. App. 3d 1415, 1422 (1988)).

Plaintiff comes nowhere close to alleging such "qualifying conduct" sufficient to render Defendants' alleged profits "unjust." *Russell*, 680 F. Supp. 3d at 1133.  Nor do Plaintiff's conclusory allegations that Defendants "derived revenue" from the videos support his unjust enrichment claim. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) (conclusory allegations that defendants have been "unjustly enriched" by "retaining profits, income, and ill-gotten gains at the expense of plaintiff" insufficient to allege unjust enrichment).  That is what Judge Martínez-Olguín held in *Tremblay v. Open AI, Inc.* (*Tremblay I*).  There, as here,

15

plaintiffs alleged that the defendants derived profit and other benefits from the use of the plaintiffs' works to train AI products.  716 F. Supp. 3d 772, 775, 783 (N.D. Cal. 2024).  But because plaintiff failed to allege that defendant "unjustly obtained benefits from [p]laintiffs' copyrighted works through fraud, mistake, coercion, or request," the court dismissed plaintiff's unjust enrichment claim.  *Id.* at *7.  For this same reason, dismissal of Plaintiff's unjust enrichment claim is required here.

## IV.    Plaintiff's state law claims should be dismissed with prejudice because leave to amend would be futile.

While courts "should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), dismissal with prejudice is warranted when amendment would be futile.  *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).  It clearly would be here.

Courts in this district have already considered and rejected the exact same claims and theories Plaintiff asserts here, concluding they "lack[] a tenable legal theory." *Tremblay II*, 2024 WL 3640501, at *2 (dismissing with prejudice the plaintiff's UCL claim—premised on Open AI's alleged unfair business practice of using the plaintiff's work to train AI models—as preempted by the Copyright Act); *see also Kadrey*, 2023 WL 8039640, at *2 (dismissing unjust enrichment and UCL claims alleging unauthorized copying to train language models on preemption grounds)  *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 857 (N.D. Cal. 2023) (*GitHub I*) (same as to unjust enrichment claim); *GitHub II*, 2024 WL 235217, at *10 (same); *Andersen*, 700 F. Supp. 3d at 875–76 (same for UCL claim).  Because Plaintiff's theories have been tested and rejected, five times over, amendment of his claims would be futile and dismissal with prejudice is warranted.  *See Castellucci v. JPMorgan Chase Bank*, 2020 WL 4873869 at *9 (C.D. Cal. Aug. 10, 2020) *aff'd*, No. 20-55852, 2021 WL 4705508 (9th Cir. Oct. 8, 2021) (dismissing without leave to amend on an initial motion to dismiss plaintiff's claims, including a UCL claim, where amendment would be futile).

## CONCLUSION

For the above reasons, Defendants respectfully request that the Court dismiss this action with prejudice for failure to state a claim.

1

2   Dated:  November 4, 2024                    By:   */s/ Benedict Hur*

3                                                    **WILLKIE FARR & GALLAGHER LLP**
                                                     Benedict Hur
4                                                    Simona Agnolucci
                                                     Michael Rome
5                                                    Eduardo Santacana
                                                     Alyxandra Vernon
6                                                    Anika Holland
                                                     Isabella McKinley Corbo

7                                                    Attorneys for Defendants
8                                                    GOOGLE LLC and YOUTUBE, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS
Case No.  5:24-cv-04708-EJD