WILLKIE FARR & GALLAGHER LLP
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
MICHAEL ROME (SBN 272345)
  mrome@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
ALYXANDRA VERNON (SBN 327699)
  avernon@willkie.com
ANIKA HOLLAND (SBN 336071)
  aholland@willkie.com
ISABELLA MCKINLEY CORBO (SBN  346226)
  icorbo@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone:  (415) 858-7400

Attorneys for Defendants
**GOOGLE LLC and YOUTUBE, LLC**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE

| | |
|---|---|
| DAVID MILLETTE and RUSLANA PETRYAZHNA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>GOOGLE LLC and YOUTUBE INC.,<br><br>                    Defendants. | Case No.  5:24-cv-04708-EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Date:          May 15, 2025<br>Time:          9:00 a.m.<br>Place:        Courtroom 4, 5th Fl.<br>Before:      Judge Edward J. Davila<br><br>Action filed:  August 2, 2024<br>FAC filed:      December 16, 2024 |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**CLASS ACTION COMPLAINT**

PLEASE TAKE NOTICE that on May 15, 2025 at 9:00 a.m. or as soon thereafter as this matter may be heard by the Honorable Edward J. Davila in Courtroom 4, 5th Floor, of the above-entitled Court located at 280 S. First St., San Jose, CA 95113, pursuant to Federal Rule of Civil Procedure 12(b)(6), Google LLC and YouTube, LLC ("Defendants") will, and hereby do, move to dismiss Counts I, II, and III of the putative First Amended Class Action Complaint (Dkt. 35) ("FAC") of David Millette and Ruslana Petryazhna ("Plaintiffs"), individually and on behalf of all others similarly situated. This Motion is based on this Notice of Motion and Motion, supporting Memorandum of Points and Authorities, and all pleadings, arguments, and matters before the Court.

**STATEMENT OF RELIEF SOUGHT**

Defendants seek an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing with prejudice Counts I, II, and III of the FAC for failure to state a claim upon which relief can be granted.

**ISSUES TO BE DECIDED**

The Motion presents the following issues to be decided: (1) whether Counts I, II, and III of the FAC for unjust enrichment, violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, and violation of Mass. Gen. Laws ch. 93A, *et seq.*, should be dismissed as preempted by Section 301 of the Copyright Act; and (2) whether Counts I, II, and III of the FAC should be dismissed for failure to state a claim.

Dated: February 10, 2025

By: */s/ Benedict Hur*
**WILLKIE FARR & GALLAGHER LLP**
Benedict Hur
Simona Agnolucci
Michael Rome
Eduardo Santacana
Alyxandra Vernon
Anika Holland
Isabella McKinley Corbo

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARD ...........................................................................................................2

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................5

I.      Section 301 of the Copyright Act preempts Plaintiffs' state-law claims because they sound in copyright. ..........................................................................................................5

    A.      Plaintiffs' state-law claims are premised on videos within the subject matter of the Copyright Act. ....................................................................................5

    B.      Plaintiffs' claims assert equivalent rights to those protected under the Copyright Act.................................................................................................6

II.     Plaintiffs' UCL claim independently fails on the merits. ...............................................11

    A.      Plaintiffs lack statutory standing under the UCL because they fail to allege a cognizable economic injury. .........................................................................11

    B.      Plaintiffs fail to state a claim under any of the UCL's three prongs.............12

III.    Millette fails to state a Chapter 93A claim. ...................................................................15

IV.     Plaintiffs' unjust enrichment or restitution claim fails because an express contract governs the parties' relationship. ..................................................................................17

V.      Plaintiffs' state-law claims should be dismissed with prejudice because leave to amend would be futile. ..........................................................................................................18

CONCLUSION .....................................................................................................................19

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No.  5:24-cv-04708-EJD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Andersen v. Stability AI Ltd.*,
  700 F. Supp. 3d 853 (N.D. Cal. 2023) ............................................................1, 9, 18

*Armstrong-Harris v. Wells Fargo Bank, N.A.*,
  2022 WL 3348426 (N.D. Cal. Aug. 12, 2022) ...................................................12, 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................2, 16

*Bass v. Facebook, Inc.*,
  394 F. Supp. 3d 1024 (N.D. Cal. 2019) ......................................................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................2

*U.S. ex rel. Berge v. Bd. of Trs. of Univ. of Ala.*,
  104 F.3d 1453 (4th Cir. 1997) .....................................................................................6

*Best Carpet Values, Inc. v. Google, LLC*,
  90 F.4th 962 (9th Cir. 2024) ....................................................................8, 9, 10, 11

*Brown v. Van's Int'l Foods, Inc.*,
  2022 WL 1471454 (N.D. Cal. May 10, 2022) .............................................................2

*Bruton v. Gerber Prods. Co.*,
  961 F. Supp. 2d 1062 (N.D. Cal. 2013), *rev'd on other grounds*, 703 F. App'x 468
  (9th Cir. 2017)............................................................................................................15

*Cafasso v. Gen. Dynamics C4 Sys.*,
  637 F.3d 1047 (9th Cir. 2011) ...................................................................................13

*Castellucci v. JPMorgan Chase Bank*,
  2020 WL 4873869 (C.D. Cal. Aug. 10, 2020) *aff'd*, No. 20-55852, 2021 WL
  4705508 (9th Cir. Oct. 8, 2021)..................................................................................18

*Cisneros v. Instant Cap. Funding Grp., Inc.*,
  263 F.R.D. 595 (E.D. Cal. 2009) ...............................................................................14

*Diep v. Apple, Inc.*,
  2024 WL 1299995 (9th Cir. Mar. 27, 2024)...............................................................14

*Doe 1 v. GitHub, Inc.*,
  2024 WL 235217 (N.D. Cal. Jan. 22, 2024) (*GitHub II*)..................................1, 9, 18

ii

*Doe 1 v. GitHub, Inc.*,
  672 F. Supp. 3d 837 (N.D. Cal. 2023) (*GitHub I*) ...........................................................12, 18

*Doe I v. Google LLC*,
  2024 WL 3490744 (N.D. Cal. July 22, 2024)...........................................................11

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ...........................................................15

*Eidmann v. Walgreen Co.*,
  522 F. Supp. 3d 634 (N.D. Cal. 2021) (Davila, J.) ...........................................................14

*Entous v. Viacom Int'l Inc.*,
  151 F. Supp. 2d 1150 (C.D. Cal. 2001) ...........................................................6

*ESG Cap. Partners, LP v. Stratos*,
  828 F.3d 1023 (9th Cir. 2016) ...........................................................17

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*,
  784 F. Supp. 2d 441 (S.D.N.Y. 2011)...........................................................9

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
  402 F. Supp. 3d 767 (N.D. Cal. 2019) ...........................................................12

*Firoozye v. Earthlink Network*,
  153 F. Supp. 2d 1115 (N.D. Cal. 2001) ...........................................................8, 10

*In re Google Assistant Privacy Litig.*,
  546 F. Supp. 3d 945 (N.D. Cal. 2019) ...........................................................12

*Gottlieb v. Amica Mut. Ins. Co.*,
  57 F.4th 1 (1st Cir. 2022)...........................................................16

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...........................................................14

*Hart v. TWC Prod. & Tech. LLC*,
  526 F. Supp. 3d 592 (N.D. Cal. 2021) ...........................................................11

*Hazel v. Prudential Fin., Inc.*,
  2023 WL 3933073 (N.D. Cal. June 9, 2023) ...........................................................11

*Jaiyeola v. Apple, Inc.*,
  2024 WL 1329922 (N.D. Cal. Mar. 27, 2024) (Davila, J.)...........................................................19

*Judicial Watch, Inc. v. Weber*,
  2023 WL 11964199 (C.D. Cal. May 22, 2023) ...........................................................3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No.  5:24-cv-04708-EJD

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*,
  617 F.3d 1146 (9th Cir. 2010) ............................................................................6

*Kadrey v. Meta Platforms, Inc.*,
  2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) (Chhabria, J.).....................1, 8, 9, 18

*Kenery v. Wells Fargo, N.A.*,
  2014 WL 129262 (N.D. Cal. Jan. 14, 2014) (Davila, J.) .........................................13

*Kunycia v. Melville Realty Co., Inc.*,
  755 F. Supp. 566 (S.D.N.Y. 1990) .......................................................................9

*Kwikset Corp. v. Super. Ct. of Orange Cnty.*,
  51 Cal. 4th 310 (2011) ...............................................................................11, 15

*Laws v. Sony Music Ent., Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ...........................................................................5, 9

*Lieb v. Korangy Publishing, Inc.*,
  2022 WL 1124850 (E.D.N.Y. Apr. 14, 2022) .......................................................9

*Maloney v. T3Media, Inc.*,
  853 F.3d 1004 (9th Cir. 2017) ............................................................................5

*Media.net Advertising FZ-LLC v. NetSeer, Inc.*,
  156 F. Supp. 3d 1052 (N.D. Cal. 2016) ...........................................................8, 10

*Mills v. Netflix, Inc.*,
  2020 WL 548558 (C.D. Cal. Feb. 3, 2020)...........................................................3

*Nibbi Bros., Inc. v. Home Federal Savings & Loan Association*,
  205 Cal. App. 3d 1415 (1988) .............................................................................17

*Novak v. United States*,
  795 F.3d 1012 (9th Cir. 2015) ..............................................................................18

*Olson v. World Fin. Grp. Ins. Agency, LLC*,
  2024 WL 3498572 (N.D. Cal. July 19, 2024) (Davila, J.).....................................11

*Piuggi v. Good for You Prods. LLC*,
  2024 WL 3274638 (S.D.N.Y. July 2, 2024) .......................................................10

*President & Fellows of Harvard College v. Certplex, Ltd.*,
  2015 WL 10433612 (D. Mass. Nov. 25, 2015) ....................................................8

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
  2021 WL 4133869 (N.D. Cal. Sept. 10, 2021) ....................................................17

iv

*Rentmeester v. Nike, Inc.*,
   883 F.3d 1111 (9th Cir. 2018) ..................................................................................9

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ...................................................................18

*Russell v. Walmart, Inc.*,
   680 F. Supp. 3d 1130 (N.D. Cal. 2023) ...................................................................17

*Saroya v. Univ. of the Pac.*,
   503 F. Supp. 3d 986 (N.D. Cal. 2020) (Davila, J.) ...................................................17

*Selby v. New Line Cinema Corp.*,
   96 F. Supp. 2d 1053 (C.D. Cal. 2000) .......................................................................6

*Shum v. Intel Corp.*,
   2008 WL 4414722 (N.D. Cal. Sept. 26, 2008) .........................................................17

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ........................................................................................14, 15

*Tomasella v. Nestle USA, Inc.*,
   962 F.3d 60 (1st Cir. 2020)......................................................................................16

*Trans Bay Cable LLC v. M/V Ocean Life*,
   2015 WL 7075618 (N.D. Cal. Nov. 13, 2015) ...........................................................6

*Tremblay v. Open AI, Inc.*,
   716 F. Supp. 3d 772 (N.D. Cal. 2024) (*Tremblay I*)...........................................13, 18

*Tremblay v. OpenAI, Inc.*,
   2024 WL 3640501 (N.D. Cal. July 30, 2024) (*Tremblay II*) ...........................1, 9, 18

*Tyler v. Michaels Stores, Inc.*,
   984 N.E.2d 737 (Mass. 2013) ..................................................................................16

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .................................................................................13

*Watkins v. MGA Ent., Inc.*,
   550 F. Supp. 3d 815 (N.D. Cal. 2021) .....................................................................15

*Wilson v. Frito-Lay N. Am., Inc.*,
   2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ............................................................13

*Yang v. Young Turks, Inc.*,
   2019 WL 13252522 (C.D. Cal. May 8, 2019) .............................................................3

v

*Yu v. ByteDance Inc.,*
　　2023 WL 5671932 (N.D. Cal. Sept. 1, 2023) ............................................................5

**Statutes**

17 U.S.C. § 102 ............................................................................................5

17 U.S.C. § 103 ............................................................................................5

17 U.S.C. § 106 .....................................................................................5, 7 8, 9

17 U.S.C. § 301(a) ........................................................................................5

17 U.S.C. § 504(a)(1) ...............................................................................8, 10

California's Unfair Competition Law (UCL) .................................................. *passim*

Mass. Gen. Laws ch. 93A, § 2 ...................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 9(b) ......................................................................................13

Fed. R. Civ. P. 15(a)(2) ................................................................................18

H.R. Rep. No. 94-1476 (1976) ........................................................................5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No.  5:24-cv-04708-EJD

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

3

4

5

6

7

8

9

10

11

12

13

14

15

16

David Millette and Ruslana Petryazhna's ("Plaintiffs") putative First Amended Class Action Complaint ("FAC") is a carbon copy of the first-filed complaint, Dkt. 1, and recycles state-law claims that courts in this District have dismissed at the pleadings stage because they are preempted by the Copyright Act under analogous circumstances. *See Kadrey v. Meta Platforms, Inc.*, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023) (Chhabria, J.) (Copyright Act preempted UCL and unjust enrichment claims premised on use of books to train large language model); *Tremblay v. OpenAI, Inc.*, 2024 WL 3640501, at *2 (N.D. Cal. July 30, 2024) (*Tremblay II*) (Copyright Act preempted UCL claim premised on defendants' "unfair business practice" of "using Plaintiff's Infringed Works to train ChatGPT without permission"); *Doe 1 v. GitHub, Inc.*, 2024 WL 235217, at *7–8 (N.D. Cal. Jan. 22, 2024) (*GitHub II*) (Copyright Act preempted UCL and unjust enrichment claims premised on defendants' "unauthorized reproduction of [plaintiffs'] code to prepare derivative [AI models]"); *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 875–76 (N.D. Cal. 2023) (Copyright Act preempted UCL claim premised on defendants' use of plaintiffs' works to train and develop AI models).

17

18

19

20

21

22

23

24

25

26

27

As Defendants pointed out in their first motion to dismiss, Dkt. 33 at 8, this case law makes clear that the Copyright Act preempts Plaintiffs' state-law claims for unjust enrichment and violations of California's Unfair Competition Law ("UCL"). Failing to remedy this, Plaintiffs *again* premise their state-law claims on allegations that their videos were "copied," "transcribed," and "reproduced," Dkt. 35 ("FAC") ¶¶ 2, 4, 21, 57, to train and develop Artificial Intelligence ("AI") models. But these claims remain preempted, as does Millette's new Massachusetts Unfair and Deceptive Business Practices Act ("Chapter 93A") state-law claim. Plaintiffs' own pleading demonstrates this. It admits the primary common question the Court must ultimately resolve is "[w]hether Defendants ***violated the copyrights*** of Plaintiffs and the Classes when they transcribed Plaintiffs' videos and used those transcriptions as part of their AI software's training datasets." *Id.* ¶ 38(a) (emphasis added).

28

But even if the state-law claims are not preempted (which they are), they suffer from a host of pleading deficiencies that independently require dismissal. Plaintiffs fail to state a UCL claim as a matter of law because they do not allege an "economic injury" sufficient to support UCL standing and fail to plead an "unlawful, fraudulent, or unfair" business practice. They also fail to plead actual reliance on any representation or omission, an independently fatal flaw under California law. Similarly, the Chapter 93A claim fails because Millette fails to allege fraudulent or deceptive statements or omissions, and fails to support his claims of unfairness. And Plaintiffs' unjust enrichment claim fails because there is an enforceable contract defining the Parties' rights—YouTube's Terms of Service—and because there are no allegations that Defendants obtained a benefit from Plaintiffs by fraud, duress, conversion, or similar conduct.

Dismissal with prejudice is appropriate because amendment would be futile. Plaintiffs' recycled state-law claims have been roundly rejected by multiple courts in this District. Accordingly, this Court should dismiss Plaintiffs' unjust enrichment (Count I), UCL (Count II), and Chapter 93A (Count III) claims with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a claim's defect "lies in the legal theory, not the factual allegations," dismissal with prejudice is warranted. *Brown v. Van's Int'l Foods, Inc.*, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022).

## BACKGROUND[1]

Plaintiff David Millette originally brought suit on August 2, 2024. *See* Dkt. 1 ("Compl."). There, he allegedly created a YouTube Account in or around 2009, which he used to upload "video content" to YouTube. Compl. ¶ 12. This video content (and the proposed class's video content) were allegedly used by Defendants to train AI software, specifically multimodal large

---

[1] Defendants assume the truth of the Complaint for purposes of this motion only.

language models ("MLLMs") and large language models ("LLMs") (collectively "Language Models").  *Id.* ¶¶ 13, 19, 27, 28.  Based on this, he brought claims for violations of California's Unfair Competition Law ("UCL") (*id.* ¶¶ 48–52) and unjust enrichment (*id.* ¶¶ 38–47).  His original complaint did not identify any of his purported videos or claim to own any copyright in them.[2]

Defendants moved to dismiss these claims as preempted.  Dkt. 33.  Millette then filed an amended complaint, which added a new plaintiff (Ruslana Petryazhna), a copyright infringement claim, and a Massachusetts state-law claim.  FAC ¶¶ 13, 33 60–89.  The copyright infringement claim is specific to Petryazhna, who "registered her copyrights of [the video content and numerous songs she … uploaded to YouTube] with the United States Copyright Act."  *Id.* ¶ 13 (identifying "A Bubble World").  And the Massachusetts Unfair and Deceptive Business Practices Act ("Chapter 93A") claim is specific to Millette.  *Id.* ¶ 60.  Other than these additional allegations, the FAC largely recycles the allegations in the first-filed Complaint.  *See* Dkt. 35-3.

The FAC alleges that Plaintiffs both allegedly "retained ownership rights to the video content" in their uploaded videos and that their videos were uploaded "per YouTube's Terms of Service."  FAC ¶¶ 12, 13.  Plaintiffs again allege that their videos were used to train MLLMs and LLMs "without consent, without credit, and without compensation," *Id.* ¶ 21, and that video transcriptions are a "key ingredient in training datasets for multimodal large language models and large language models."  *Id.* ¶ 23; *see also* ¶ 29 ("[V]ideo transcriptions are one of the largest corpora of natural language data available for training and fine-tuning Google's Language

---

[2] Millette's counsel has informed Defendants that Millette uploaded videos under the username @rollinggreenmonster--those videos can be viewed at: David Millette, YouTube, https://youtube.com/@rollinggreenmonster?si=igoyocjRo5KeCG9J (last visited Jan. 27, 2025).  Defendants have located Petryazhna's uploaded videos through the FAC's citation to "A Bubble World," which was uploaded under the username @LanaRKissamusic.  *See* Lana R Music, YouTube, https://www.youtube.com/@LanaRKissamusic/videos (last visited Jan. 31, 2025).  This Court can take judicial notice that these channels belong to Plaintiffs, and can take notice of facts like the number of views and dates of Plaintiffs' videos.  *See Yang v. Young Turks, Inc.*, 2019 WL 13252522, at *1 n.3, 4 (C.D. Cal. May 8, 2019) (taking judicial notice of YouTube videos, including how long a photograph appears in a YouTube video); *Judicial Watch, Inc. v. Weber*, 2023 WL 11964199, at *3 (C.D. Cal. May 22, 2023).  This court may also incorporate Petryazhna's channel by reference because the FAC pleaded facts about the channel, FAC ¶ 13.  *See Mills v. Netflix, Inc.*, 2020 WL 548558, at *1–2 (C.D. Cal. Feb. 3, 2020).

3

Models."). These video transcriptions allegedly expanded Defendants' AI training datasets and improved the Language Models, making the models "more valuable to prospective and current users, who purchase subscriptions to access them." *Id.* ¶ 48 (unjust enrichment claim). "By transcribing and using these videos in this way, Defendants profit from Plaintiffs' and class members' data time and time again." *Id.* ¶ 7; *see also id.* ¶ 57 (UCL claim) (alleging Defendants "unfairly profit from, and take credit for" developing the Language Models "based on unattributed reproductions of [] stolen videos, contents, and the ideas within").

As for the class allegations, Plaintiff seeks to represent three classes: (1) a nationwide creator class consisting of "all persons or entities domiciled in the United States who uploaded any YouTube video that was transcribed and then used as training data for the Google Language Models without their consent," *Id.* ¶ 31; (2) a Massachusetts class consisting of "all persons or entities domiciled in Massachusetts that uploaded any YouTube video that was transcribed and then used as training data for the Google Language Models without their consent," *Id.* ¶ 32; and (3) a Copyright Class consisting of "all persons or entities domiciled in the United States whose registered copyright material within any YouTube video was transcribed and then used as training data for the Google Language Models without their consent," *Id.* ¶ 33. The two leading "common legal and factual questions" to be resolved, according to Plaintiff, are: (1) "[w]hether Defendants *violated the copyrights of Plaintiffs*[3] and the Classes when they transcribed Plaintiffs' videos and used those transcriptions as part of their AI software's training datasets;" and (2) "[w]hether Gemini itself *is an infringing derivative work based on Plaintiffs' videos*." *Id.* ¶ 38(a)–(b) (emphasis added).

---

[3] Millette does not allege he has registered copyrights for his uploaded works with the United States Copyright Office. *See* FAC ¶ 12. Rather, only Petryazhna claims to have registered a copyright in her uploaded works. *Id.* ¶ 13.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ARGUMENT

## I.    Section 301 of the Copyright Act preempts Plaintiffs' state-law claims because they sound in copyright.

The Copyright Act expressly preempts state-law claims that "come within the subject matter of copyright" and where the state law grants "legal or equitable rights that are equivalent to any of the exclusive rights within the scope of copyright." 17 U.S.C. § 301(a). Congress has further "explained what the statute made obvious: '[t]he intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright law.'" *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) (quoting H.R. Rep. No. 94-1476 at 130 (1976)).

Against this backdrop, courts employ a two-part test to determine whether state-law claims are preempted:  (1) "[the court must] decide 'whether the "subject matter" of the state-law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103,'" *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (quoting *Laws*, 448 F.3d at 1137), and (2) if it does, "whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, **which articulates the exclusive rights of copyright holders**," *id.* (quoting *Laws*, 448 F.3d at 1138) (emphasis added).  Under this test, Plaintiffs' state-law claims (Counts I–III) are preempted by Section 301 of the Copyright Act.

### A.    Plaintiffs' state-law claims are premised on videos within the subject matter of the Copyright Act.

Step 1 of the analysis is easily satisfied because online videos and songs "fall within the subject matter of the Copyright Act as 'other audiovisual works' under 17 U.S.C. § 102(a)(6)." *Yu v. ByteDance Inc.*, 2023 WL 5671932, at *6 (N.D. Cal. Sept. 1, 2023).  Specifically, videos—like the ones Plaintiffs base their claims on (¶¶ 43, 48 (Count I—unjust enrichment); ¶¶ 54, 55 (Count II—UCL); ¶¶ 60, 64 (Count III—Chapter 93A))—are "audiovisual works" under Section 102(a)(6) and therefore "within the subject matter of copyright" of the Act.  17 U.S.C. § 301(a); *see also Yu*,

2023 WL 5671932, at *6 ; *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1153 (9th Cir. 2010) (holding that a right of publicity claim related to videos was completely preempted).

Plaintiffs premise their claims on Defendants' alleged use of YouTube videos (and the content allegedly contained therein). *E.g.*, FAC ¶¶ 4–8, 11–13, 43, 48, 54, 55, 57, 60, 64. One paragraph, however, implies (without any supporting factual allegations) that Defendants also benefit from "stolen … ideas." *Id.* ¶ 57. Even if this Court credited this conclusory allegation, which it should not, *see Trans Bay Cable LLC v. M/V Ocean Life*, 2015 WL 7075618, at *4 (N.D. Cal. Nov. 13, 2015), "ideas" still fall within the "subject matter of copyright" for preemption purposes, even if not protectible. *Entous v. Viacom Int'l Inc.*, 151 F. Supp. 2d 1150, 1159 (C.D. Cal. 2001); *Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1058 (C.D. Cal. 2000) ("'[I]deas embodied in a work covered by the [Act]' are nevertheless within the subject matter of copyright purposes of preemption because '[s]cope and protection are not synonymous.'") (second alteration in original) (quoting *U.S. ex rel. Berge v. Bd. of Trs. of Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997)).

Accordingly, the subject matter of Plaintiffs' state-law claims are within the Copyright Act and this Court should proceed to the second factor.[4]

## B. Plaintiffs' claims assert equivalent rights to those protected under the Copyright Act.

Step 2 is also satisfied. Plaintiffs allege Defendants were unjustly enriched and violated the UCL and Chapter 93A by using—*i.e.*, "copying," "transcribing," and "extracting expressive information from"—Plaintiffs' videos to train the Language Models. *See* FAC ¶ 48 (unjust enrichment); ¶¶ 55, 57 (UCL); ¶¶ 64, 65 (Chapter 93A)); *see also id.* ¶ 2 (alleging that like LLMs, MLLMs are trained by "copying massive amounts of text alongside images and videos, and extracting expressive information from it"); *id.* ¶ 4 ("This case addresses the surreptitious, non-consensual transcription and use of millions of YouTube users' videos by Defendants to train

---

[4] Removing any doubt this case is about copyright and, as reflected in the background portion of this motion, the Complaint alleges the two lead issues common to the entire class are whether Defendants infringed their ***copyrights*** in works uploaded to YouTube. FAC ¶ 38(a)–(b).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No. 5:24-cv-04708-EJD

Defendants' AI software products."); *id.* ¶ 38(b) (contending Gemini is a derivative work). These allegations fit comfortably within the general scope of copyright as specified in 17 U.S.C. § 106(1)–(6) (providing copyright owners with the exclusive rights of reproduction, preparation of derivative works, distribution, and display), which the chart below reflects:

| Claim | Allegations in Complaint | Equivalent Right | Case Example |
|---|---|---|---|
| **Unjust Enrichment (Count I)** | Defendants were "unjustly enriched [by] retaining the revenues derived from the sales of their" AI products after using Plaintiffs' YouTube transcripts to train its Language Models without Plaintiffs' "meaningful consent." FAC ¶ 55. | 17 U.S.C. § 106(1), (3) (owner of a copyright has the exclusive right to reproduce and distribute copies of the copyrighted work) | "[P]laintiff's unjust enrichment claim, which at its core alleges that the defendants unfairly benefited from their unauthorized use of [computer software program] is equivalent to the rights protected in section 106 of the Copyright Act and is therefore preempted." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001). |
| **Restitution (Count I)** | Plaintiffs seek "non-restitutionary disgorgement of the financial profits that Defendants obtained as a result of their unjust conduct, [*i.e.*, their unauthorized use of transcripts to train AI models.]" FAC ¶ 47; *see also id.* ¶¶ 8, 27, 50, 51, 53 (alleging Defendants "unfairly profited" from unauthorized use). | 17 U.S.C. § 504(a)(1) (copyright infringer may be liable for "the copyright owner's actual damages and any additional profits of the infringer") | *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 974 (9th Cir. 2024) (explaining that the state-law claims were preempted because the alleged financial benefit to Google mapped neatly onto the damages requirement for any successful copyright claim). |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No.  5:24-cv-04708-EJD

| Claim | Allegations in Complaint | Equivalent Right | Case Example |
|---|---|---|---|
| **UCL (Count II)** | By using transcripts of Plaintiffs' YouTube videos to train the Language Models, Defendants "unfairly profit from, and take credit for, developing a commercial product based on unattributed reproductions of those stolen videos and ideas." FAC ¶ 57. | 17 U.S.C. § 106(1), (3) (owner of a copyright has the exclusive right to reproduce and distribute copies of the copyrighted work) | UCL claim premised on defendants' "unauthorized copying and use of [Plaintiffs'] material for the purpose of competing" was preempted by the Copyright Act. *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074–75 (N.D. Cal. 2016). |
| **Chapter 93A (Count III)** | By deceptively using transcripts of and reproducing Millette's YouTube videos to train the Language Models without consent, Defendants "misappropriated" Millette's work and "harmed" him, making statutory damages or disgorgement of profit is appropriate. FAC ¶¶ 65–80. | 17 U.S.C. § 106(1), (3) (owner of a copyright has the exclusive right to reproduce and distribute copies of the copyrighted work); 17 U.S.C. § 504(a)(1) (copyright infringer may be liable for "the copyright owner's actual damages and any additional profits of the infringer") | Chapter 93A claim expressly preempted by federal Copyright Act where the complaint alleged only that defendants "accessed, copied and distributed the questions from the copyrighted CORe Exams without authorization." *President & Fellows of Harvard College v. Certplex, Ltd.*, 2015 WL 10433612, at *3 (D. Mass. Nov. 25, 2015). As here, those arguments were unavailing because they were "substantively equivalent to the rights exclusively protected by the Copyright Act." *Id.* |

Importantly, courts within this District have consistently found nearly identical claims preempted where, as here, the allegations are that defendants unjustly benefited from such use and/or that such use constitutes unfair competition. For example, in *Kadrey*, Judge Chhabria dismissed the plaintiff's UCL and unjust enrichment claims as preempted under the Copyright Act. 2023 WL 8039640, at *2. Similar to the allegations in this case, the plaintiff there alleged that Meta's "unauthorized copying" of the plaintiff's books for purposes of training a language model was unfair and unjust. *Id.* at *1. But because these claims "relie[d] on the same rights contained in

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No. 5:24-cv-04708-EJD

the Copyright Act," they were preempted.  *Id.* at *2.  Other cases are of a piece.  *Tremblay II*, 2024 WL 3640501, at *2 (dismissing as preempted UCL claim premised on defendants' "unfair business practice" of "using Plaintiff's Infringed Works to train ChatGPT without permission"); *GitHub II*, 2024 WL 235217, at *7–8 (dismissing as preempted UCL and unjust enrichment claims premised on defendants' "unauthorized reproduction of [plaintiffs'] code to prepare derivative [AI models]"); *Andersen*, 700 F. Supp. 3d at 875–76 (dismissing as preempted UCL claim premised on defendants' use of plaintiffs' works to train and develop AI models).

These cases make sense under established federal precedent, which demonstrate that Plaintiffs' right to control the transcription of their videos (¶¶ 4, 7, 12–13, 19, 21) is equivalent to copyright's reproduction and derivative-work right.  *See Lieb v. Korangy Publishing, Inc.*, 2022 WL 1124850, at *13 (E.D.N.Y. Apr. 14, 2022) ("verbatim transcription" of a work is, "in copyright terms, a derivative work"); *see also Kunycia v. Melville Realty Co., Inc.*, 755 F. Supp. 566, 577 (S.D.N.Y. 1990) ("Because Kunycia's claim of unjust enrichment is that Melville reproduced and used his copyrighted work to prepare derivative works . . . the claim is preempted[.]").  And the right to control copies of work (¶¶ 2, 57) is squarely, and exclusively, governed by copyright's reproduction right.  17 U.S.C. § 106(1); *see also Best Carpet*, 90 F.4th at 972 ("Displaying and reproducing a copy of a copyrighted work … falls squarely within the scope of 17 U.S.C. § 106."); *Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011) ("In order to avoid preemption, that which is claimed to be unfair competition must be something different from copying, or the fruits of copying, or the intent or bad faith that can be inferred from the act of copying.").  The same is true of the right to control the extraction of "expressive" information (¶ 2).  *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1122 (9th Cir. 2018).

Nor do Plaintiffs plead an "extra element" to make their state-law claims "qualitatively different from copyright rights."  *Best Carpet Values*, 90 F.4th at 972 (quoting *Laws*, 448 F.3d at 1143)).  The above chart clearly demonstrates this, and the failure to plead such extra elements is dispositive of this prong of the preemption test.

For example, in *Best Carpet Values*, the Ninth Circuit found the plaintiff's unjust enrichment claim, premised on allegations that the Google Search App "copied" and "recreated" website pages, was preempted under the Copyright Act. *Id.* at 973 (9th Cir. 2024) (considering questions certified by this Court). Rather than containing any "extra elements," the plaintiff's unjust enrichment claim was "strikingly similar" to claims of "distorting, overlaying, or otherwise editing original images . . . which [has been] found to qualify as derivative work." *Id.* Likewise, in *Del Madera Props. v. Rhodes & Gardner, Inc.*, the Ninth Circuit found the plaintiff's UCL claim preempted because it did "not add any 'extra element' [that] change[d] the nature of the action." 820 F.2d 973, 977 (9th Cir. 1987). The plaintiff's unfair competition claim instead was premised on allegations that the defendants wrongly shared documents that belonged to plaintiff, which was "part and parcel of the copyright claim." *Id.*

So too here, Plaintiffs' claim is that Defendants wrongly copied, transcribed, reproduced and then used their videos without authorization or compensation (¶¶ 2, 4, 48, 50, 57, 71), which is a quintessential copyright claim. *E.g.*, *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074–75 (N.D. Cal. 2016) (UCL claim premised on defendants' "unauthorized copying and use of Media.net's Results Pages' material for the purpose of competing" was preempted by Copyright Act); *Firoozye*, 153 F. Supp. 2d at 1128 (unjust enrichment claim premised on allegations that "the defendants unfairly benefitted from their unauthorized use of WebStash" was preempted because it was equivalent to rights protected by Copyright Act); *Piuggi v. Good for You Prods. LLC*, 2024 WL 3274638, at *15-16 (S.D.N.Y. July 2, 2024) (unjust enrichment claim preempted where gravamen of claim was that defendant was unjustly enriched at plaintiff's expense by its unauthorized copying).

That is why the alleged financial benefit to Defendants maps neatly onto the damages requirement for any successful copyright claim. *See* 17 U.S.C. § 504(a)(1) (holding that a copyright infringer may be liable for "the copyright owner's actual damages and any additional profits of the infringer"). Section 504(a)(1) outlines the exact relief Plaintiff seeks—compensation based on the "commercial profit" Defendants gained from using Plaintiffs' videos without authorization. *E.g.*,

¶¶ 7, 8, 25, 44 (unjust enrichment claim), 51 (UCL claim).  This near-perfect mapping demonstrates there is no "extra element," and that Plaintiffs' claims are preempted.  *See Best Carpet Values*, 90 F.4th at 974.

## II.   Plaintiffs' UCL claim independently fails on the merits.

### A.   Plaintiffs lack statutory standing under the UCL because they fail to allege a cognizable economic injury.

Putting aside that Plaintiffs' claims are preempted, *supra* I, Plaintiffs lack standing to pursue their California UCL claim because they have neither shown "loss or deprivation of money or property sufficient to qualify as an injury in fact, *i.e.*, economic injury," nor "that the economic injury was the result of, *i.e.*, caused by, the unfair business practice … that is the gravamen of the claims."  *Olson v. World Fin. Grp. Ins. Agency, LLC*, 2024 WL 3498572, at *6 (N.D. Cal. July 19, 2024) (Davila, J.) (quoting *Kwikset Corp. v. Super. Ct. of Orange Cnty.*, 51 Cal. 4th 310, 322 (2011)).

Rather than make this showing, the FAC only alleges that Defendants "unfairly profit[ed]" from using Plaintiffs' videos to develop Gemini, "a commercial product," "without the authorization of Plaintiff."  FAC ¶¶ 57–59.  That is not enough to show "economic injury" within the meaning of the UCL.  For one thing, Plaintiffs "do[] not contend that [Defendants'] alleged actions caused [them] to lose any money.  *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 603 (N.D. Cal. 2021) (dismissing UCL claim for lack of statutory standing where the plaintiff alleged that the defendant profited from location data it collected, but failed to allege any actual economic harm to himself from the collection).  Rather, they only provide vague allegations that they were "deprived of the value of their work" and "of moneys that would be owed to them."  FAC ¶ 58.  But it is well established that such unspecific allegations of monetary harm cannot support statutory standing.  *E.g.*, *Hazel v. Prudential Fin., Inc.*, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) (that a plaintiff's "data is valuable in the abstract," and a defendant "might have made money from it, does not mean that [a plaintiff has] 'lost money or property' as a result."); *Doe I v. Google LLC*, 2024 WL 3490744, at *7 (N.D. Cal. July 22, 2024) ("loss of personal data is [] not sufficient to

1  demonstrate an economic injury" for purposes of UCL standing); *Doe 1 v. GitHub, Inc.*, 672 F.

2  Supp. 3d 837, 860–61 (N.D. Cal. 2023) (*GitHub I*) (dismissing arguments regarding "lost … value

3  of … work, including the ability to receive compensation"); *In re Facebook, Inc., Consumer Priv.*

4  *User Profile Litig.*, 402 F. Supp. 3d 767, 804 (N.D. Cal. 2019) ("Facebook may have gained money

5  through its sharing or use of the plaintiffs' information, but that's different from saying the plaintiffs

6  lost money.").

7          Nor do Plaintiffs allege that they intend to or have even been able to monetize their low-

8  view, years-old videos.  For example, Millette's videos are 10–15 years old, and generally have

9  fewer than 100 views.  The same is true of Petrayzhna's channel, and specifically the video she

10  identifies in the FAC, ¶ 13 (naming "A Bubble World"), which has been viewed fewer than 1,200

11  times.  *See supra* n.2 (identifying channels).  This failure requires their UCL claim to be

12  dismissed.  *See In re Google Assistant Privacy Litig.*, 546 F. Supp. 3d 945, 971–73 (N.D. Cal. 2019)

13  (dismissing UCL claim where plaintiff claimed "property interest" in voice recordings but plaintiffs

14  pled "no facts to suggest that Plaintiffs intended to monetize" those recordings).  And to the extent

15  Plaintiffs' argument is that they lost "property" in the form of control over their copyrighted

16  material, this runs headlong into preemption.

17          Ultimately, Plaintiffs' UCL claim must be dismissed for lack of standing because they have

18  not shown how their videos have specific economic value *to them.  See* FAC ¶ 58; *Bass v. Facebook,*

19  *Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019) ("That the information has external value, but no

20  economic value to plaintiff, cannot serve to establish that plaintiff has personally lost money or

21  property.").

22      **B.     Plaintiffs fail to state a claim under any of the UCL's three prongs.**

23          Even if this Court finds that Plaintiffs sufficiently pleaded an economic injury to support

24  UCL standing, Plaintiffs' UCL claim still fails because they do not allege that Defendants

25  committed a "business act or practice" that is "either unlawful, unfair, or fraudulent."  *Armstrong-*

26  *Harris v. Wells Fargo Bank, N.A.*, 2022 WL 3348426, at *2 (N.D. Cal. Aug. 12, 2022) (cleaned

27

28

up).  Because each captures a "separate and distinct theory of liability," *id.*, Defendants address each in turn.

**Unlawful Prong.**  Plaintiffs no longer rely on the "unlawful" prong.  *Compare* Compl. ¶ 52 ("The unlawful business practices described herein violate the UCL because consumers are likely to be deceived."); *with* FAC ¶¶ 54–59 (UCL claim does not mention "unlawful").  For good reason:  as Defendants pointed out in their first motion to dismiss, Plaintiffs fail to allege any predicate violation that could sustain this prong.  *Kenery v. Wells Fargo, N.A.*, 2014 WL 129262, at *5 (N.D. Cal. Jan. 14, 2014) (Davila, J.) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.").

**Fraudulent Prong.**  To state a UCL claim based on a "fraudulent business practice," a plaintiff must satisfy the heightened pleading requirement of Rule 9(b).  *Wilson v. Frito-Lay N. Am., Inc.*, 2013 WL 1320468, at *5 (N.D. Cal. Apr. 1, 2013).  At a minimum, a plaintiff must identify a "purportedly fraudulent [] statement" and explain "what is false or misleading about [it]."  *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011).  Plaintiffs entirely fail to meet this bar—rather, they make vague references to "deceptive marketing" and "secret training" (¶ 59) without ever alleging *how* consumers were deceived or *what* deceptive statements were made by Defendants.  In fact, the first time the term "deception" appears is in the last paragraph of the Count with no details provided as to how that deception occurred.  FAC ¶ 59.  This fails Rule 9's heightened pleading requirements.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must set forth the "who, what, when, where, and how" of the misconduct charged); *Tremblay v. Open AI, Inc.*, 716 F. Supp. 3d 772, 780–81 (N.D. Cal. 2024) (*Tremblay I*) (dismissing an identical claim on the same grounds).

**Unfair Prong.**  Plaintiffs' "unfairness" allegations fare no better.  Plaintiffs allege three conclusory sentences in support of this theory:  "Conduct is unfair under the UCL if it is immoral, unethical, oppressive, unscrupulous, and the conduct outweighs any benefits to consumers.  Defendants' conduct was unfair because it relied on non-consensual use of Plaintiffs' works for Defendants' gain…. The conduct outweighs any benefits to consumers."  FAC

¶ 59.  Plaintiffs then accuse Defendants of "unfairly" profiting from their unauthorized transcriptions and copies of Plaintiffs' videos.  FAC ¶ 57.

This does no more than parrot the legal standard for unfair business practices, which is plainly insufficient to state a plausible claim for relief.  *E.g.*, *Cisneros v. Instant Cap. Funding Grp., Inc.*, 263 F.R.D. 595, 603 (E.D. Cal. 2009) (noting that courts are "free to ignore legal conclusions . . . cast in the form of factual allegations").  Further, Plaintiffs' theory of unfairness entirely overlaps with the business practices alleged in the fraudulent prong, which requires dismissal.  *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017) (finding allegations for unfair prong insufficient because they were based on the same contentions supporting plaintiff's unlawful and fraudulent allegations); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (Davila, J.) (same).

For example, Plaintiffs' support for "unfair business practices" is that Defendants realized an unfair derivation of profit from their use of Plaintiffs' videos without "authorization" or "credit."  FAC ¶ 59.  This same allegation supports Plaintiffs' allegations that Defendants engaged in fraudulent business practices.  FAC ¶¶ 56–57, 59 (premising fraudulent business practices on "practices described herein" and on deceptive "use" of videos to train the Language Models).  Since these allegations overlap entirely with the fatally flawed fraud claim, they cannot support an unfairness claim.

**Plaintiffs' claims also fail under all three prongs because they do not plead reliance.**  Finally, Plaintiffs' failure to plead reliance dooms their UCL claim regardless of the prong.  The California Supreme Court has held that the phrase "as a result of" in section 17204 of the Business and Professions Code "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009); *see also Diep v. Apple, Inc.*, 2024 WL 1299995, at *2 (9th Cir. Mar. 27, 2024) (to state a claim under the UCL, "[a] plaintiff must also plead reliance upon the defendant's statement[.]").

*Tobacco II*'s holding has been extended to the "unfair" prongs where the underlying alleged misconduct is premised on purported fraud or misrepresentation. *See, e.g.*, *Kwikset Corp.*, 51 Cal. 4th at 326 n.9 (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010)) ("[T]he reasoning of *Tobacco II* [concerning the actual reliance requirement] applies equally to the 'unlawful' prong of the UCL when, as here, the predicate unlawfulness is misrepresentation and deception."); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 834–35 (N.D. Cal. 2021) ("The reliance requirement applies not only to UCL claims asserted under the fraud prong of section 17200 but also to claims asserted under the 'unlawful' and 'unfair' prongs where those claims are predicated on misrepresentation and deception.").

Here, to the extent Plaintiffs' UCL claim can be discerned into two prongs at all, each sounds in fraud. The "nature of the alleged wrongdoing," if any, is Defendants' purported failure to disclose, *i.e.*, its "omission," that it would use Plaintiffs' videos to train large language models. FAC ¶¶ 6, 8, 21, 27, 59 (UCL claim premised on allegations that Defendants deceptively used Plaintiffs' videos without their consent or authorization). Yet Plaintiffs never allege reliance on any specific deceptive omission or act. In fact, they do not even allege that they read the Terms of Service or any particular disclosure. *Id.* ¶¶ 6, 12–13. They likewise do not allege that they would have acted differently had they read the different disclosures, or been informed of Defendants' alleged use, independently requiring dismissal of their UCL claim. *See Kwikset*, 51 Cal. 4th at 327 (stating that a UCL claim is properly dismissed where the plaintiff fails to allege any reliance on the representations at issue); *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1091 (N.D. Cal. 2013) (dismissing plaintiff's UCL claim where plaintiff failed to allege that "she ever actually viewed any of the alleged misrepresentations"), *rev'd on other grounds*, 703 F. App'x 468 (9th Cir. 2017).

## III.    Millette fails to state a Chapter 93A claim.

Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2. Millette fails to allege either a deceptive or unfair act sufficient to support this claim.

**Deceptive Act.**  For an act to be "deceptive" under Massachusetts law, it must have "the capacity to mislead consumers, acting reasonably under the circumstances."  *Gottlieb v. Amica Mut. Ins. Co.*, 57 F.4th 1, 9–10 (1st Cir. 2022) (quotation marks and citation omitted).  And the plaintiff must allege they suffered "loss" as a result of the deception, "beyond the mere fact that a violation occurred."  *Id.* at 10; *see also Tyler v. Michaels Stores, Inc.*, 984 N.E.2d 737, 745 (Mass. 2013) (consumer must allege harm separate from deception).

Millette neither plausibly demonstrates a deceptive act nor a cognizable harm.  Rather, to support this claim, the FAC only generally references the "acts and omissions alleged above [in the complaint]," and asserts, without *any* explanation, that these "acts deceive, or have a tendency to deceive, a reasonable consumer."  FAC ¶¶ 65, 66; *see also id.* ¶ 67 (alleging that the acts and omissions are "material," but failing to allege any detail as to why).  Such a "threadbare recital of the elements of a cause of action" "do[es] not suffice."  *Iqbal*, 556 U.S. at 678.  Nor does Millette allege that he suffered any harm.  He only alleges that he "would have requested compensation for the misappropriation of [his] work," ¶ 71, but he nowhere alleges that his work has economic value, *see supra* at 12–13.

**Unfair Act.**  To evaluate whether speech is "unfair," Massachusetts courts look to (1) whether the challenged activity violated "recognized concepts of unfairness," or statutory concepts of unfairness;" and (2) whether the challenged activity is "immoral" or causes "substantial[]" harm to consumers.  *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 80–81 (1st Cir. 2020).  Millette's allegations that subclass members "have been harmed by [Defendants misappropriated and non-consensual use of their works]," ¶¶ 72–73, is far too conclusory to be credited.  Beyond that, the only allegation of "unfairness" turns on Defendants alleged "use of [Millette's and the putative class's] content," ¶ 69, to train MLLMs and LLMs, ¶ 2.  But whether or not this is "unfair" is a question of federal copyright law, which only further demonstrates why this claim is preempted by Section 301 of the Copyright Act.  *See supra* I.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No.  5:24-cv-04708-EJD

1

2

**IV.    Plaintiffs' unjust enrichment or restitution claim fails because an express contract governs the parties' relationship.**

3

4    Plaintiffs' purported claim for unjust enrichment or restitution fails for several independent

5    reasons.  To start, Plaintiffs admit there are binding agreements—the YouTube Terms of Service—

6    governing their relationship with Defendants and this dispute.  FAC ¶¶ 6, 12–13 (admitting videos

7    were "uploaded to YouTube, per YouTube's Terms of Service" and the claims are based on

8    "ownership rights" "retained … per YouTube's Terms of Service").  This requires Plaintiffs' unjust

9    enrichment claim to be dismissed with prejudice.  *See Shum v. Intel Corp.*, 2008 WL 4414722, at

10   *6 (N.D. Cal. Sept. 26, 2008) ("As a matter of law . . . unjust enrichment does not lie where an

11   express binding agreement exists and defines the parties' rights.").

12   But even if this Court finds there is no express contract governing the Parties, Plaintiffs'

13   unjust enrichment claim still fails.  There is no standalone unjust enrichment claim under California

14   law.  *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020) (Davila, J.).  Rather,

15   when a plaintiff alleges an unjust enrichment claim, courts may construe it as a "quasi contract"

16   claim seeking restitution.  *Id.*  But to plead this claim, Plaintiffs must allege that (1) Defendants

17   "received and unjustly retained a benefit at plaintiff's expense," *ESG Cap. Partners, LP v. Stratos*,

18   828 F.3d 1023, 1038 (9th Cir. 2016); and (2) Defendants did so as a result of qualifying conduct

19   like "mistake, fraud, coercion, or request," *Saroya*, 503 F. Supp. 3d at 998.  He fails to do so.

20   Plaintiffs never allege that they uploaded the videos as a result of "mistake, fraud, coercion,

21   or request."  Instead, they allege *only* that Defendants acquired "valuable information from Plaintiff

22   and Class members' videos to expand their AI software's training datasets and used that information

23   to develop and improve their products," FAC ¶ 48, and were "unjustly enriched" as a result, *id.*

24   ¶ 50.  This is insufficient to support an unjust enrichment claim, *Russell v. Walmart, Inc.*, 680 F.

25   Supp. 3d 1130, 1133 (N.D. Cal. 2023), because "[u]nder California law, "[i]t must ordinarily appear

26   that the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is

27   enrichment, it is not unjust," *Regents of University of California v. LTI Flexible Prods., Inc.*, 2021

28   WL 4133869, at *10 (N.D. Cal. Sept. 10, 2021) (quoting *Nibbi Bros., Inc. v. Home Federal Savings*

*& Loan Association*, 205 Cal. App. 3d 1415, 1422 (1988)).

17

Plaintiffs' conclusory allegations that Defendants "derived revenue" from the videos do not save their unjust enrichment claim. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) (conclusory allegations that defendants have been "unjustly enriched" by "retaining profits, income, and ill-gotten gains at the expense of plaintiff" insufficient to allege unjust enrichment). That is ***exactly*** what Judge Martínez-Olguín held in *Tremblay I*. There, as here, plaintiffs alleged that the defendants derived profit and other benefits from the use of the plaintiffs' works to train AI products. 716 F. Supp. 3d at 775, 783. But because plaintiffs failed to allege that defendant "unjustly obtained benefits from [p]laintiffs' copyrighted works through fraud, mistake, coercion, or request," the court dismissed plaintiff's unjust enrichment claim. *Id.* at 783. For this same reason, dismissal of Plaintiffs' unjust enrichment claim is required.

## V.    Plaintiffs' state-law claims should be dismissed with prejudice because leave to amend would be futile.

While courts "should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), dismissal with prejudice is warranted when amendment would be futile. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). It clearly would be here.

Courts in this district have already considered and rejected the exact claims and theories Plaintiff asserts here, concluding they "lack[] a tenable legal theory." *Tremblay II*, 2024 WL 3640501, at *2 (dismissing with prejudice the plaintiff's UCL claim—premised on Open AI's alleged unfair business practice of using the plaintiff's work to train AI models—as preempted by the Copyright Act); *see also Kadrey*, 2023 WL 8039640, at *2 (dismissing unjust enrichment and UCL claims alleging unauthorized copying to train language models on preemption grounds); *GitHub I*, 672 F. Supp. 3d at 857 (same as to unjust enrichment claim); *GitHub II*, 2024 WL 235217, at *10 (same); *Andersen*, 700 F. Supp. 3d at 875–76 (same for UCL claim). Because Plaintiff's theories have been tested and rejected, five times over, amendment of his claims would be futile and dismissal with prejudice is warranted. *See Castellucci v. JPMorgan Chase Bank*, 2020 WL 4873869 at *9 (C.D. Cal. Aug. 10, 2020) *aff'd*, No. 20-55852, 2021 WL 4705508 (9th Cir. Oct. 8,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No. 5:24-cv-04708-EJD

2021) (dismissing without leave to amend on an initial motion to dismiss plaintiff's claims, including a UCL claim, where amendment would be futile).

Dismissal with prejudice is separately warranted because Plaintiffs have already amended the complaint once, with the benefit of a full review of Defendants' initial motion to dismiss, which raised virtually all of the arguments discussed above. *See Jaiyeola v. Apple, Inc.*, 2024 WL 1329922, at *9 (N.D. Cal. Mar. 27, 2024) (Davila, J.) (denying leave to amend "given the prior opportunity to cure" the pleading deficiencies).

## CONCLUSION

For the above reasons, Defendants respectfully request that the Court dismiss the state-law claims (Counts I–III) with prejudice for failure to state a claim.

Dated:  February 10, 2025                    By:   */s/ Benedict Hur*
                                            **WILLKIE FARR & GALLAGHER LLP**
                                            Benedict Hur
                                            Simona Agnolucci
                                            Michael Rome
                                            Eduardo Santacana
                                            Alyxandra Vernon
                                            Anika Holland
                                            Isabella McKinley Corbo

                                            Attorneys for Defendants
                                            GOOGLE LLC and YOUTUBE, LLC

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT
Case No.  5:24-cv-04708-EJD