**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
   jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  jmarchese@bursor.com
   jdiamond@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSLANA PETRYAZHNA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>GOOGLE LLC, and YOUTUBE INC.<br><br>        Defendants. | Case No. 5:24-cv-04708-EJD<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ruslana Petryazhna ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Google LLC and YouTube Inc., (collectively, "Google" or "Defendants").  Plaintiff seeks to recover injunctive relief and damages as a result of Defendants' unlawful conduct.  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE CASE

1.      Gemini is a software product created, maintained, and sold by Google.

2.      Gemini currently includes five AI software programs called Gemini 1.0 Ultra, Gemini 1.5 Pro, Gemini 1.0 Pro, Gemini 1.0 Nano and Gemini 1.5 Flash, also known as *multimodal large language models* ("MLLM")*.*  A multimodal large language model, in comparison to a large language model, is capable of processing information across modalities, meaning information can be input in the form of videos, photos, and text.  Similar to a large language model, an MLLM is "trained" by copying massive amounts of text alongside images and videos, and extracting expressive information from it.  This body of information is called the *training dataset*.  Once an MLLM has copied and ingested the information in its training dataset, it is able to emit convincingly naturalistic text, video or photo outputs in response to user prompts.

3.      Large language models' ("LLMs") and MLLMs' output are therefore entirely and uniquely reliant on the material in their training dataset.  Every time they assemble text, video or image outputs, the models rely on the information they extracted from their training dataset.

4.      This case addresses the surreptitious, non-consensual transcription and use of millions of YouTube users' videos by Defendants to train Defendants' AI software products.

5.      For years, YouTube has been a popular video sharing platform that allows content creators and users to upload and share videos with audiences worldwide.  However, unbeknownst to those who upload videos to YouTube, Defendants have been covertly transcribing YouTube videos to create training datasets that Defendants then use to train their AI products.

6.      Plaintiff and Class Members are YouTube users and video creators.  Plaintiff and Class Members have retained ownership rights in their uploaded videos, per YouTube's Terms of

Service.  Plaintiff and Class Members did not consent to the use of their videos as training material for Gemini.  Nonetheless, their videos were transcribed and used to train Gemini.

7.    By transcribing and using these videos in this way, Defendants profit from Plaintiff's and Class Members' data time and time again.  As Defendants' AI products become more sophisticated through the use of training datasets, they become more valuable to prospective and current users, who purchase subscriptions to access Defendants' AI products.

8.    By collecting and using this data without consent, Defendants have profited significantly from the use of Plaintiff's and Class Members' videos and infringed on Plaintiff's exclusive ownership rights in her and Class Members' works.

## JURISDICTION AND VENUE

9.    This Court has subject matter Jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendants, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

10.    This Court has personal jurisdiction over the Defendants because Defendants maintain their principal places of business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and because Defendants maintain their principal places of business in this District.

## PARTIES

12.    Plaintiff Ruslana Petryazhna is a citizen of New York and resident of Astoria, New York.  Plaintiff Petryazhna created a YouTube account in or around 2008.  During that entire time, Plaintiff Petryazhna has retained ownership rights to the video content and numerous songs she has uploaded to YouTube, per YouTube's Terms of Service.  Moreover, Plaintiff Petryazhna has registered her copyright of those works with the United States Copyright Office, *see* Ex. A, including her song "A Bubble World," which was uploaded to YouTube 15 years ago.  *See* Ex. B.

13.     Plaintiff's videos have been transcribed by Defendants to train their AI software products.

14.     Defendant Google, LLC is a Delaware limited liability company with its headquarters at 1600 Amphitheatre Parkway, Mountain View, California 94093.

15.     Defendant YouTube Inc. is a Delaware limited liability company with its headquarters at 901 Cherry Ave. San Bruno, CA 94066.

16.     Each of the Defendants acted jointly to perpetrate the acts described herein.  At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

## GENERAL BACKGROUND

17.     Google creates and sells artificial-intelligence (AI) software products.  AI software is designed to algorithmically simulate human reasoning or inference, often using statistical methods.

18.     Certain AI products created and sold by Google are known as *multimodal large language models*.  Both multimodal large language models ("MLLMs") and large language models ("LLMs") are types of AI software designed to parse and emit natural language.  Though MLLMs and LLMs are software programs, they are not created the way most software programs are—that is, by human software engineers writing code.  Rather, MLLMs are "trained" by ingesting large amounts of text, images and videos into the model.  These corpora of input materials are called the *training datasets*.  During training, these models copy each piece of information in the training dataset and extract expressive information from it.  The MLLMs and LLMs progressively adjust their output to more closely resemble the images, videos, and sequences of words copied from the training dataset.  Once these models have copied and ingested all these inputs, they are able to emit convincing simulations of natural written language, as well as videos and images as they appear in the training dataset.

19.     As the U.S. Patent and Trademark Office has observed, LLM "training" "almost by definition involve[s] the reproduction of entire works or substantial portions thereof."[1]

20.     Much of the material in Google's training datasets come from videos—including videos created and uploaded by Plaintiff and Class Members—that were copied and transcribed by Google without consent, without credit, and without compensation.

21.     Google made a series of multimodal large language models, including without limitation Gemini 1.0 Ultra, Gemini 1.5 Pro, Gemini 1.0 Pro, Gemini 1.0 Nano and Gemini 1.5 Flash.  Google is working on other language-model variants such as Veo, a generative video model, that is not yet publicly available. Together, Google's large language models, including any in development, will be referred to as the "Google Language Models."[2]

22.     Many types of material have been used to train MLLMs and LLMs.  Video transcriptions, however, are a key ingredient in training datasets for multimodal large language models and large language models because they offer copious examples of natural language.

23.     Google claims that the training datasets for their Gemini models comprise web documents, books, code, images, audio, and video data.  Tellingly, there is little specificity about the source of this training data.

24.     In 2023, Google changed its terms of service.  An April 2024 *New York Times* article reported that part of the rationale for this change was a need for more data that could be used in Gemini's training datasets.

25.     In fact, Google is uniquely positioned to take advantage of others' works without their consent.  That is because Google owns YouTube, "one of the largest video platforms globally, boasting billions of hours of content uploaded by creators across every imaginable niche."  As

---

[1] U.S. Patent & Trademark Office, *Public Views on Artificial Intelligence and Intellectual Property Policy*, 2020, *available* https://www.uspto.gov/sites/default/files/documents/USPTO_AIReport_ 2020-10-07.pdf.

[2] The definition of "Google Language Models" encompasses any language models developed (or in development) by Google, irrespective of whether those models underly Gemini.

such, "Google, YouTube's parent company, recently revealed plans to use this vast repository of videos to train its new AI model, Gemini AI."[3]  This vast repository includes Plaintiff's works.

26.    Google did not properly obtain consent for its use and profiting from materials that were uploaded before this change to Google's terms of service.

27.    The same *New York Times* report claims that at least five people with knowledge of Google's practices knew that Google transcribed YouTube videos to harvest text for its Language Models.

28.    Google's Language Models' datasets include transcriptions of videos taken directly from YouTube, because these video transcriptions are one of the largest corpora of natural language data available for training and fine-tuning Google's Language Models.

29.    Defendants could have "trained" their Google Language Models using works in the public domain.  They could have paid a reasonable licensing fee to use those works.  What Defendants could not do is ignore protections afforded by virtue of Plaintiff's ownership rights in her respective works.

## **CLASS ALLEGATIONS**

30.    Plaintiff Petryazhna seeks to represent a class defined as all persons or entities domiciled in the United States whose registered copyright material within any YouTube video was transcribed and then used as training data for the Google Language Models without their consent (the "Class").

31.    Specifically excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

---

[3] Shubham Hosalikar, *How YouTube Training AI On Its Videos Is Hurting Creators?*, GUMLET (Nov. 4, 2024) *available* https://www.gumlet.com/learn/youtube-training-ai-on-videos/,

32.     Plaintiff reserves the right to expand, limit, modify, or amend the class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, *inter alia*, changing circumstances and/or new facts obtained.

33.     **Numerosity.**  On information and belief, hundreds of thousands of video creators fall into the definition of the Class.  Members of the Class can be identified through Defendants' records, discovery, and other third-party sources.

34.     **Commonality and Predominance.**  Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Members of the Class.  These common legal and factual questions include, but are not limited to, the following:

a.     Whether Defendants violated the copyrights of Plaintiff and the Class when they transcribed Plaintiff's videos and used those transcriptions as part of their AI software's training datasets;

b.     Whether Gemini is itself an infringing derivative work based on Plaintiff's videos;

c.     Whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein, and what the scope of that injunction would be;

d.     Whether any affirmative defense excuses Defendants' conduct;

e.     Whether any statutes of limitation constrain the potential recovery for Plaintiff and the Class;

f.     Whether Plaintiff and the other Class Members are entitled to restitution or other relief; and

g.     Whether Defendants' conduct violated the rights and protections afforded to holders of registered copyrights.

35.     **Typicality.**  Plaintiff's claims are typical of the claims of the other Members of the Class she seeks to represent in that, among other things, all Class Members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein.  Further,

there are no defenses available to Defendants that are unique to Plaintiff and not applicable to the Class she seeks to represent.

36.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

37.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants.  It would thus be virtually impossible for the Class to obtain effective redress for the wrongs committed against the Members on an individual basis.  Furthermore, even if Class Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

38.    Further, Defendants have acted, and refused to act, on grounds generally applicable to the proposed Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

### CAUSES OF ACTION

### COUNT I
**Direct Copyright Infringement**
**17 U.S.C. § 501**
**(On Behalf of Plaintiff Petryazhna and the Class)**

39.    Plaintiff Petryazhna incorporates by reference and re-alleges each and every allegation set forth above as if fully set forth herein.

40.     As the rightful and legal owner of the registered copyrights in videos that were transcribed and then used to train the Google Language Models, Plaintiff Petryazhna holds copyright rights to those videos under 17 U.S.C. § 106.

41.     Plaintiff Petryazhna and the Class Members' works are original to their creators and are fixed in tangible mediums of expression under 17 U.S.C. § 102(a)(2), (6), and (7).

42.     Plaintiff Petryazhna and the Members of the Class have duly and timely registered their copyrights in their works with the U.S. Copyright Office.

43.     Plaintiff Petryazhna and the Class Members are legal or beneficial owners of the exclusive right to reproduce their copyrighted works in copies under 17 U.S.C. § 106(1) and (2), as well as the right to refrain from such reproduction.

44.     Plaintiff Petryazhna never authorized Defendants to transcribe and make copies of her videos, make derivative works, publicly display copies (or derivative works), or distribute copies (or derivatives works).  All those rights belong exclusively to Plaintiff Petryazhna and the Members of the Class under copyright law.

45.     To train the Google Language Models, Defendants relied on transcribing and harvesting mass quantities of YouTube videos from the public internet, including Plaintiff Petryazhna's videos.

46.     Defendants transcribed and made copies of Plaintiff's videos during the training process without Plaintiff's permission.  Because the Google Language Models cannot function without the expressive information extracted from Plaintiff Petryazhna's works (and others) and retained inside them, the Google Language Models are themselves infringing derivative works made without Plaintiff Petryazhna's permission and in violation of her exclusive rights under the Copyright Act.

47.     Plaintiff Petryazhna has been injured by Defendants' acts of direct copyright infringement.  Plaintiff Petryazhna is entitled to statutory damages, actual damages, restitution of profits, and/or other remedies provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

b. For an order declaring that Defendants' conduct violates the laws referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as the Court may deem proper; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  April 7, 2025

**BURSOR & FISHER, P.A**.

By: ___/s/   *L. Timothy Fisher*_____
L. Timothy Fisher

L Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)

Julian C. Diamond (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  jmarchese@bursor.com
          jdiamond@bursor.com

*Attorneys for Plaintiff*

**EXHIBIT A**



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
| --- | --- | --- | --- | --- |

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 13 of 20 entries



Labeled View

***A Bubble World, et al.***

|  |  |
| --- | --- |
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001011328 / 2011-03-07 |
| **Application Title:** | Reality & Dreams. |
| **Title:** | A Bubble World, et al. |
| **Description:** | 28 Electronic files (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Avenue, D-3, Astoria, NY, 11102. |
| **Date of Creation:** | 2010 |
| **Authorship on Application:** | Lana R., pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: sound recording, music, lyrics. |
| **Pre-existing Material:** | performance. |
| **Basis of Claim:** | sound recording, performance, production, music, lyrics. |
| **Contents:** | Starting Over -- Incredible -- Did You Ever? -- The Promise -- To My Angel -- More Than You Know -- What a Dilemma -- Get Away -- Save Like a Child -- What the Heart Tells -- A Horoscope -- It is Time to Grow -- A Full Moon -- A Bubble World. |
| **Names:** | Petryazhna, Ruslana, 1965-<br>R., Lana, pseud., 1965- |



| **Save, Print and Email (Help Page)** |
| --- |
| Select Download Format ⌄   Format for Print/Save |
| Enter your email address: _____   Email |


United States Copyright Office

Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 19 of 20 entries



Labeled View

***Works Published on the Album CANDY SHOP.***

| | |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SR0000971845 / 2023-08-23 |
| **Application Title:** | Works Published on the Album CANDY SHOP. |
| **Title:** | Works Published on the Album CANDY SHOP. |
| **Appears in:** | CANDY SHOP |
| **Publisher Number:** | Lana R. Kissa |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102, United States. |
| **Date of Creation:** | 2013 |
| **Date of First Publication for the Album:** | 2014-01-27 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- ; Citizenship: United States. Authorship: Sound recording(s): Album track number(s) USRBD10005778. |
| | Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States. Authorship: text of liner notes; photo(s) and/or artwork published on the album CANDY SHOP. |
| **Previous Registration:** | 2013, SRu1-135-827. |
| **Pre-existing Material:** | Mama, Skipped a Beat already registered (SRu1-135-827) |
| **Basis of Claim:** | 1. Candy Shop (remixed due to fixing a French pronunciation), 2. Hey, Stranger, 3. A Holy Grail, 4. Withing the Revolving Door, (PAu-3-633-436). |
| **Rights and Permissions:** | Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of sound recordings and any associated literary, pictorial, or graphic works may be registered in Class SR under 37 C.F.R. 202.4(k) if the following requirements have been |

met: 1) all of the works must be contained on the same album, as defined in 37 C.F.R. 202.4(k)(1)(i); 2) the group may include up to twenty sound recordings, together with any associated literary, pictorial, or graphic works included with the same album; 3) all the works in the group must be published on the same album and on the same date, all the works must be first published in the same country, and the date and nation of first publication for the album must be specified in the application; 4) the application must provide the title for the album and a title for each work in the group; 5) all the works in the group must be created by the same author, or the works must have a common joint author; 6) the copyright claimant or co-claimants for all of the works in the group must be the same person or organization; and 7) the works may be registered as works made for hire if they are identified in the application as such.

Regarding authorship information: Deposited works contain sound recordings only.

**Titles of Works:** Hey, Stranger, Album Track Number 6

A Holy Grail, Album Track Number 7

Candy Shop (Remix), Album Track Number 2

Within the Revolving Doors, Album Track Number 4

text of liner notes; photo(s) and/or artwork published on the album CANDY SHOP

**Names:** Petryazhna, Ruslana, 1965-

Kissa, Lana R., pseud., 1965-

Petryazhna, Ruslana, 1965-

Kissa, Lana R., pseud., 1965-



previous    next

**Save, Print and Email (Help Page)**

| Select Download Format ⌄ | Format for Print/Save |
| Enter your email address: | | Email |



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 1 of 20 entries



Labeled View

### *Freedom and 5 Other Unpublished Works.*

|  |  |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001500960 / 2022-03-22 |
| **Application Title:** | Freedom and 5 Other Unpublished Works. |
| **Title:** | Freedom and 5 Other Unpublished Works. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna. Address: 23-33 30 Ave, D3, Astoria, NY, 11102. |
| **Date of Creation:** | 2022 |
| **Authorship on Application:** | Lana R. Kissa, pseud. of Ruslana Petryazhna (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Rights and Permissions:** | Lana R. Kissa, Lana R. Music, 23-33 30 Ave, D3, Astoria, NY, 11102, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| **Contents:** | Freedom. |
|  | Love Should Be Easy. |
|  | Bright-on. |
|  | Hallelujah- weddings. |
|  | Save Like a Child. |
|  | Hallelujah- funerals. |
| **Names:** | Kissa, Lana R., pseud. |
|  | Petryazhna, Ruslana |



**Save, Print and Email (Help Page)**

| Select Download Format | Format for Print/Save |
| Enter your email address: | Email |

---

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 12 of 20 entries



Labeled View

---

### *Bright-on and 3 Other Unpublished Works.*

| | |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001578014 / 2024-05-24 |
| **Application Title:** | Bright-on and 3 Other Unpublished Works. |
| **Title:** | Bright-on and 3 Other Unpublished Works. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102, United States. |
| **Date of Creation:** | 2024 |
| **Authorship on Application:** | Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Previous Registration:** | 2022, SRu001500960. |
| **Rights and Permissions:** | Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| | Regarding material excluded: Application states that melody was written to Hallelujah on the registered lyrics in 2022, also Bright-on was revised with added parts. |
| | Regarding author information: Deposits state by Lana R. Kissa. |
| **Contents:** | Bright-on. |
| | Hallelujah. |
| | Are You Ready for Real. |

Hey, Special Doctor.

**Names:** [Petryazhna, Ruslana, 1965-](#)



| **Save, Print and Email ([Help Page](#))** |
|---|
| Select Download Format ⌄  [Format for Print/Save] |
| Enter your email address: [_____]  [Email] |



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 20 of 20 entries



Labeled View

*Yellow Tulip and 1 Other Unpublished Work.*

| | |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001442807 / 2020-11-09 |
| **Application Title:** | Yellow Tulip and 1 Other Unpublished Work. |
| **Title:** | Yellow Tulip and 1 Other Unpublished Work. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102. |
| **Date of Creation:** | 2020 |
| **Authorship on Application:** | Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Rights and Permissions:** | Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| **Contents:** | Yellow Tulip. |
| | Love Should Be Easy. |
| **Names:** | Petryazhna, Ruslana, 1965- |
| | Kissa, Lana R., pseud, 1965- |



| **Save, Print and Email (Help Page)** |
|---|

Select Download Format [ ▾ ]  [ Format for Print/Save ]

Enter your email address: [                    ]  [ Email ]

**EXHIBIT B**

