WILLKIE FARR & GALLAGHER
BENEDICT HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
MICHAEL ROME (SBN 272345)
  mrome@willkie.com
EDUARDO SANTACANA (SBN 281668)
  esantacana@willkie.com
ALYXANDRA VERNON (SBN 327699)
  avernon@willkie.com
ANIKA HOLLAND (SBN 336071)
  aholland@willkie.com
ISABELLA MCKINLEY CORBO (SBN 346226)
  icorbo@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendants
**GOOGLE LLC and YOUTUBE, LLC**

BURSOR & FISHER, P.A.
L. TIMOTHY FISHER (SBN 191626)
  ltfisher@bursor.com
JOSHUA B. GLATT (SBN 354064)
  jglatt@bursor.com
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455

Attorneys for Plaintiff
**RUSLANA PETRYAZHNA**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE

RUSLANA PETRYAZHNA, individually and on behalf of all others similarly situated,

                    Plaintiff,

        vs.

GOOGLE LLC and YOUTUBE INC.,

                    Defendants.

Case No.  5:24-cv-04708-EJD

**JOINT CASE MANAGEMENT STATEMENT**

Date: May 1, 2025
Time: 10:00 a.m.
Judge: Hon. Edward J. Davila
Location: San Jose Courthouse, Courtroom 4, 5th Floor

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the *Standing Order for All Judges of the Northern District of California*, and the Court's Scheduling Order setting a Case Management Conference (ECF No. 5), Plaintiff Ruslana Petryazhna ("Plaintiff") and Defendants Google LLC and YouTube Inc. ("Defendants," and with Plaintiff, "the Parties") met and conferred on April 15, 2025, and hereby submit the following Joint Case Management Statement and Rule 26(f) Report.

## 1. JURISDICTION AND SERVICE

*The basis for the court's subject matter jurisdiction over Plaintiff's claims and Defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Parties agree that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a putative class action in which one or more members of the proposed class are alleged to be citizens of a state different from Defendants. No issues exist regarding personal jurisdiction or venue. The Defendants in this matter have been served.

## 2. FACTS

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

### A. Plaintiff

Plaintiff alleges that Defendants transcribed her works, without permission, to train their large language and multimodal large language models. Defendants offer access to these services through their Gemini AI products. ECF No. 46, ¶¶ 19-23. These video transcriptions are a key ingredient in training datasets for multimodal large language models and large language models because they offer copious examples of natural language. *Id.* ¶ 22. Accordingly, Plaintiff, the holder of multiple registered copyrights in the music she uploaded to YouTube, alleges that Defendants infringed on her exclusive right to control the use of her works. *Id.* ¶¶ 40-42.

### B. Defendants

Plaintiff alleges that Defendants transcribed and made copies of her YouTube videos to train the following large language models: Gemini 1.0 Ultra, Gemini 1.5 Pro, Gemini 1.0 Pro, Gemini 1.0

Nano, Gemini 1.5 Flash, and Veo (the "alleged models").  ECF No. 46, Second Amended Complaint ("SAC") ¶¶ 21, 22.  Plaintiff maintains these video transcriptions are "a key ingredient in training datasets for multimodal large language models and large language models because they offer copious examples of natural language." *Id.* 22.  Plaintiff claims that this use was unpermitted and violated her registered copyrights and the copyrights of the putative copyright class. *Id.* ¶¶ 40–47.  Defendants deny that they have violated Plaintiff's or the putative classes' copyrights.

The principal facts in dispute include:  (1) whether any of Plaintiff's YouTube videos were transcribed and used in training datasets that Defendants used to train the alleged models; (2) whether and to what extent transcripts of Plaintiff's YouTube videos were used by Defendants to train the alleged models; (3) whether and to what extent Plaintiff has a valid and protectable copyright over the content that she claims Defendants used to train the alleged models; (4) whether and to what extent Defendants' alleged use of Plaintiff's transcripts serves a new and different purpose from the original purpose of that content; (5) whether and to what extent there exists a licensing market to use the content Plaintiff claims to own in the manner alleged; (6) whether and to what extent any use of the content Plaintiff claims to own affected any market for that content; (7) whether and to what extent the alleged use of the content Plaintiff claims to own serves the public interest; (8) whether and to what extent Defendants' product serve as a substitute for the content Plaintiff claims to own; (9) whether Plaintiff suffered any injury or harm as a result of Defendants' alleged conduct as alleged in the SAC; (10) whether Defendants received and retained a benefit from the alleged use of content Plaintiff claims to own at Plaintiff's expense; (11) whether Plaintiff consented to the alleged use of the content she claims to own; (12) whether Plaintiff licensed the content she claims to own to Defendants for the alleged use; and (13) whether Plaintiff provided sufficient notice of her copyright.

## 3.  LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

### A.  Plaintiff

Defendants' filed a Motion to Dismiss state law claims in this action on February 10, 2025.  ECF No. 38.  Plaintiffs did not oppose, (ECF No. 40) leaving only Plaintiff Petryazhna and her federal direct copyright infringement claims at issue in this case.  ECF No. 46.  Among the issues to be decided are:

> a. Whether Plaintiff Petryazhna's copyrighted works were used by Defendants' AI program;
>
> b. Whether use of Plaintiff Petryazhna's copyrighted works amount direct copyright infringement under the statute;
>
> c. Whether Plaintiff consented to the use of her works;
>
> d. Whether Plaintiff is entitled to relief and in what capacity;
>
> e. Whether the proposed class can be certified under Fed. R. Civ. P. 23.

Plaintiff Petryazhna contends that Defendants' use and transcription of her protected songs amount to direct copyright infringement in violation of federal law.

### B.  Defendants

Defendants currently anticipate the following legal issues in relation to Plaintiff's individual claim:  (1) whether Plaintiff is entitled to relief under section 501 of the Copyright Act; (2) whether Plaintiff granted Defendants a license to perform the acts she now claims constitute copyright infringement; and (3) whether Defendants' alleged transcription and copying of Plaintiff's uploaded YouTube videos for purposes of training the alleged models is fair use under 17 U.S.C. § 107.

Defendants also anticipate significant legal issues to arise around class definition and certification, as copyright infringement claims by their nature require individualized analysis especially where, as here, the fair use defense is at issue.  *See Los Angeles News Serv. v. CBS Broad., Inc.,* 305 F.3d 924, 938 (9th Cir. 2002), opinion amended on denial of reh'g, 313 F.3d 1093 (9th Cir. 2002) ("Fair use requires individualized weighing of the equities of a given use of a given work."); *Schneider v. YouTube LLC*, 2023 WL 3605981, at *6 (N.D. Cal. May 22, 2023) (denying certification

of copyright class); *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64, 65–66 (S.D.N.Y. 2013) (recognizing copyright infringement claims to be "poor candidates for class-action treatment" given scores of individualized issues).

## 4.  MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

### A.  Plaintiff

Defendants filed a previous Motion to Dismiss former-Plaintiff Millette's first complaint which consisted of only state law claims.  ECF No. 33.  A Motion to Relate cases was filed by OpenAI, Inc., *et al.* on August 23, 2024.  ECF No. 13.  Plaintiffs filed a First Amended Complaint on December 16, 2024, adding Plaintiff Petryazhna and a claim of direct copyright infringement under federal law.  ECF No. 35.  Defendants moved to dismiss all but the direct copyright infringement claim on February 10, 2025.  ECF No. 38.  Plaintiffs did not oppose the motion.  ECF No. 40.  The Court granted Defendants' Motion on March 24, 2025 (ECF No. 41) leaving only Plaintiff Petryazhna's claim for direct copyright infringement in this case.  *See* Second Amended Complaint (ECF No. 46).  Plaintiff intends to file a motion for class certification at the appropriate time.

### B.  Defendants

Defendants successfully dismissed Plaintiff's state-law claims and David Millette from this action.  Defendants anticipate that they will oppose any effort to certify the putative class and will subsequently move for summary judgment.

## 5.  AMENDMENT OF PLEADINGS

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

### A.  Plaintiff

On December 16, 2024, Plaintiffs Millette and Petryazhna filed a First Amended Complaint adding Plaintiff Petryazhna and her direct copyright infringement claim.  ECF No. 35.  Following dismissal of Plaintiff Millette's claims, Plaintiff Petryazhna filed the operative Second Amended Complaint on April 7, 2025, asserting her federal copyright claims.  ECF No. 46.  Plaintiff does not

1    anticipate filing an additional amended complaint but reserves the right to seek leave of this Court to

2    file an amended complaint based on evidence found in discovery, if necessary.

3        **B.  Defendants**

4        Plaintiff has already amended her complaint, and Defendants do not believe a basis exists for

5    a further amendment.  Defendants reserve the right to oppose any further amendments to the

6    complaint.

7    **6.  EVIDENCE PRESERVATION**

8        *A brief report certifying that the parties have reviewed the Guidelines Relating to the*

9    *Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties*

10   *have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate*

11   *steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI*

12   *Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

13       The Parties have reviewed the Guidelines Related to the Discovery of Electronically Stored

14   Information ("ESI Guidelines") and have met and conferred regarding the reasonable and

15   proportionate steps taken to preserve evidence relevant to the issues presented in this matter. The

16   parties have taken steps to ensure that evidence is being, and will continue to be, preserved.

17   **7.  DISCLOSURES**

18       *Whether there has been full and timely compliance with the initial disclosure requirements of*

19   *Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see*

20   *General Order Nos. 56 and 71.*

21       On April 15, 2025, counsel for all parties participated in and completed a discovery conference

22   as required by Federal Rule of Civil Procedure 26(f)(1) and (2).  The Parties have agreed to exchange

23   initial disclosures 30 days after the Parties' Rule 26(f) conference.

24   **8.  DISCOVERY**

25       *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations*

26   *or modifications of the discovery rules, a brief report on whether the parties have considered entering*

27   *into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and*

28   *any identified discovery disputes.*

Discovery was stayed while Defendants' motion to dismiss remained pending. The Parties agree that discovery will be governed by the Federal Rules of Civil Procedure. The Parties have not yet identified any discovery disputes. The Parties have agreed to accept future service of discovery requests and responses electronically. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding discovery of electronically stored information, as well a protective order governing the discovery and use of confidential information. If agreement cannot be reached, the Parties will seek Court intervention.

### A. Plaintiff

Discovery had not been taken as the Parties have agreed to stay discovery while Defendants' Motion to Dismiss is pending. ECF No. 37, at 5. Plaintiff served a First Request for Production of Documents on Defendants on March 11, 2025. The Parties have not discussed the scope of anticipated discovery nor have they stipulated to any e-discovery plan. The Parties have not identified any discovery disputes. The Parties have agreed to accept service of discovery requested and responses electronically. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation of electronically stored information, as well as a protective order governing the discovery and use of confidential information. If agreement cannot be reached, the Parties will seek Court intervention.

### B. Defendants

Defendants anticipate seeking discovery of, without limitation: (1) any injury Plaintiff suffered as a result of her allegations; (2) Plaintiff's alleged ownership of copyrights in the YouTube videos that are the subject of the SAC; (3) the original purpose of Plaintiff's videos; (4) whether and to what extent the alleged models serve as a substitute for the content Plaintiff claims to own; (5) efforts by Plaintiff to monetize or commercially exploit her videos; (6) any consent or authorization given by Plaintiff for the use of their content to train the alleged models, either to Defendants or third parties; (7) any licenses held or granted by Plaintiff regarding her videos, and all other facts concerning the market for such content; (8) any actual or alleged markets for the content Plaintiff claims to own; (9) all use by Plaintiff, or anyone acting on her behalf, of Defendants' products or services; (10) all use by Plaintiff, or anyone acting on her behalf, of generative artificial intelligence products or

services; and (11) the lack of any causal connection between Plaintiff's alleged injury and Defendants' alleged conduct.

**9. CLASS ACTIONS**

*If a class action, a proposal for how and when the class will be certified.*

The Parties' proposed deadline for Plaintiff to file a motion for class certification is set forth in Section 15.

**10. RELATED CASES**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

On August 28, 2024, the Court ordered that two other cases—*Millette v. OpenAI*, 5:24-cv-04710-EJD and *Millette v. Nvidia Corp.*, 5:24-cv-05157-EJD be related and reassigned to this Court. ECF No. 15. Subsequently, on March 24, 2025, Plaintiffs Millette and Petryazhna voluntarily dismissed the *Nvidia* action. *See Millette v. Nvidia Corp.*, 5:24-cv-05157-EJD, ECF No. 33.

On December 6, 2024, the OpenAI Defendants filed a Motion for Transfer of Actions pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings before the Judicial Panel for Multidistrict Litigation. The Motion was granted on April 3, 2025. *See Millette et al. v. OpenAI, Inc. et al.*, MDL-3143-CAN-5:24-cv-04710.

**11. RELIEF**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**A. Plaintiff**

Plaintiff Petryazhna's claims on behalf of herself and a putative class of copyright holders seeks statutory and actual damages, restitution of profits, and/or the remedies provided under the statute for violations of 17 U.S.C. § 501.

**B. Defendants**

Defendants contend that Plaintiff and the putative class are entitled to no relief, and do not seek any relief other than costs, including attorneys' fees, if they prevail.

**12. SETTLEMENT AND ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

**A. Plaintiff**

The Parties have not engaged in settlement discussions. Plaintiff is open to discussing resolution provided there has been a fair exchange of information sufficient to allow Plaintiff to make informed decisions on settlement. The Parties filed their respective ADR Certifications on April 21, 2025.

**B. Defendants**

At this time, Defendants believe settlement and ADR is premature.

**13. OTHER REFERENCES**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.*

The Parties are not aware of any issues that can be narrowed by agreement or by motion at this stage. The Parties will continue to meet and confer about narrowing potential issues should the circumstances of the case change.

**15. SCHEDULING**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Plaintiff has expressed an intent to seek to stay this litigation so that it may proceed at the same time as her lawsuit in SDNY alleging OpenAI infringed her copyrights by training on her YouTube videos. That case was originally related to this one and was also before the Court, but was subsequently transferred to an MDL in New York. The parties are meeting and conferring regarding that request.

The Parties agree to the following pre-trial schedule, which is subject to change in the event this litigation is stayed.

| Event | Proposed Deadline |
|---|---|
| Motion for class certification and Class Expert Reports | February 16, 2026 |
| Opposition to motion for class certification and disclosure of class certification experts | March 30, 2026 |
| Reply in support of motion for class certification | April 27, 2026 |
| Close of Fact Discovery | 30 days following a ruling on the Motion for Class Certification |
| Merits Expert Reports | 45 Days following a ruling on the Motion for Class Certification |
| Rebuttal to Merits Expert Reports | 75 Days following a ruling on the Motion for Class Certification |
| Close of Merits Expert Discovery | 28 Days following Merits Expert Reports |
| Motions for Summary Judgment[1] | 28 days following Close of Expert Discovery |

---

[1] The Parties will follow section V of this Court's Standing Order and will meet and confer in advance of filing regarding cross-motions for summary judgment. Consistent with this Court's preferences, if the Parties file cross-motions, only 4 briefs will be filed and the Parties will meet and confer about deadlines for filing.

| Event | Proposed Deadline |
|---|---|
| Responses to Motions for Summary Judgment | 35 days following filing of Motions for Summary Judgment |
| Replies in Support of Motions for Summary Judgment | 21 days following filing of Responses to Motion for Summary Judgment |
| *Daubert* Motions | 45 days following filing of replies in support of Motion for Summary Judgment |
| Responses to *Daubert* Motions | 28 days following filing of *Daubert* Motions |
| Replies in Support of *Daubert* Motions | 21 days following filing of Responses to *Daubert* Motions |
| File Joint Proposed Final Pretrial Order | At least 10 days prior to the date of the Final Pretrial Conference |
| Final Pretrial Conference | To be set by the Court following completion of *Daubert* briefing |
| Trial | 14 days after Pretrial Conference |

## 16. TRIAL

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

### A. Plaintiff

Plaintiff has demanded a trial by jury and expects the trial to last approximately 14 days.

### B. Defendants

Defendants believe a determination of a trial schedule and duration is premature at this time.

## 17. DISCLOSURE OF INTERESTED ENTITIES OR PERSONS

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or*

*representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.*

Defendants filed a corporate disclosure statement and certification of interested entities on August 30, 2024. ECF No. 25. Plaintiff has not filed a statement.

**18. PROFESSIONAL CONDUCT**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: April 21, 2025                    Respectfully submitted,

                                  By    */s/ L. Timothy Fisher*
                                        **BURSOR & FISHER, P.A.**
                                        L. Timothy Fisher
                                        Joshua B. Glatt

                                        Attorneys for Plaintiff
                                        RUSLANA PETRYAZHNA


DATED: April 21, 2025                    Respectfully submitted,

                                  By    */s/ Benedict Hur*
                                        **WILLKIE FARR & GALLAGHER LLP**
                                        Benedict Hur
                                        Simona Agnolucci
                                        Michael Rome
                                        Eduardo Santacana
                                        Alyxandra Vernon
                                        Anika Holland
                                        Isabella McKinley Corbo

                                        Attorneys for Defendants
                                        GOOGLE LLC and YOUTUBE, LLC